IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ROCKWELL AUTOMATION TECHNOLOGIES, INC., <br> *Plaintiff*, <br> v. <br> SECURE CROSSING RESEARCH AND DEVELOPMENT INC., <br> *Defendant*. | Civil Action No. 12-cv-10274 <br><br> Honorable George C. Steeh |

### OPPOSITION TO MOTION TO EXTEND TIME TO ANSWER OR OTHERWISE RESPOND TO PLAINTIFF'S COMPLAINT

Plaintiff Rockwell Automation Technologies, Inc. ("Rockwell") submits this opposition to Secure Crossing Research and Development, Inc.'s ("Secure Crossing") second request for an extension of time to answer the Complaint. See Motion (Dkt. No. 11). It is worth noting at the outset that the facts alleged in Secure Crossing's Motion are not made on personal knowledge and are not supported by a sworn affidavit or declaration. Not surprisingly, many of those facts are false or misleading.[1]

Despite Secure Crossing's assertion to the contrary, Rockwell's Complaint was not filed "without prior notice or warning" See Motion, ¶ 1. Rather, Secure Crossing and its counsel, Miller Canfield, have been on notice of Rockwell's claim since November 2011. See Exhibits 1 and 2 that are attached to the Declaration of J. Michael Huget filed in support of this response. Exhibit 1 is a true and correct copy of an email dated November 9, 2011 from Secure Crossing's CTO and Founder, Randy Reeves, that acknowledges the receipt of Rockwell's United States

---

[1] Secure Crossing's Motion is riddled with so called "facts" that are not only false or misleading, but are simply irrelevant to the Court's determination of whether to grant an extension of time. Rockwell's opposition focuses on the relevant issues and Rockwell reserves its rights to oppose the other extraneous "facts" at an appropriate time.

CPAM: 4564027.1

Patent No. 7,990,967 (the patent asserted in this lawsuit) and that requests an additional electronic copy to be provided "so [he] can pass it on to [Secure Crossing's] patent attorney." Exhibit 2 is a true and correct copy of a letter from Secure Crossing's patent counsel, Miller Canfield, which acknowledges that it has "reviewed the U.S. Patent 7,990,967 to Rockwell (the "967 patent"), as well as the information [Rockwell] provided and presented on the claim charts of claims 1 and 28 of the '967 patent in relationship to the Zenwall technology."[2] The Miller Canfield letter goes on to provide Secure Crossing's positions on invalidity and noninfringement. See id. As seen in Exhibits 1 and 2, both Secure Crossing and Miller Canfield have been on notice of Rockwell's patent for three to four months. More importantly, Secure Crossing's counsel has "reviewed" the patent and Rockwell's claim charts on patent infringement. Therefore, Secure Crossing's position that it "has not had an opportunity to fully analyze the lengthy and complex Rockwell Patent" smacks of bad faith. See Motion, ¶ 12.

When efforts to resolve the patent infringement issue proved futile, Rockwell filed its complaint on January 20, 2012 in order to protect its rights.[3] Instead of focusing its efforts on answering the complaint, Secure Crossing "requested an indefinite extension of time to respond to the Complaint," (see Motion ¶ 16) which Rockwell simply could not accept. Instead, Rockwell offered Secure Crossing a reasonable two week extension, which Secure Crossing rejected. See Declaration of J. Michael Huget, ¶ 3. Now, after receiving a two week extension

---

[2] Portions of the December 8, 2011 letter from Miller Canfield have been redacted as they are subject to a confidentiality agreement between the parties and are irrelevant to Secure Crossing's Motion. An unredacted copy of the letter will be provided to the Court upon request.

[3] Not surprisingly, Secure Crossing's unsworn rendition of the facts surrounding the service of process of the Complaint (see Motion, ¶¶ 11-15) do not tell the whole story and are misleading. In any event, the service issue has no relevance to the current Motion and to the extent the Court would like the parties to provide sworn statements on this issue, Rockwell will comply.

from the Court, Secure Crossing is seeking a second extension of its deadline to answer the Complaint.

Under Rule 1 of the Federal Rules of Civil Procedure, Rockwell is entitled to the just, speedy, and inexpensive determination of its claim for patent infringement. Accordingly, Rockwell continues to be prejudiced by Secure Crossing's delay tactics. Without the intervention of the Court, it appears Secure Crossing's delay tactics will continue indefinitely. Therefore, Rockwell respectfully requests that the Court direct Secure Crossing to answer the Complaint without further delay and without any further extensions.

Respectfully submitted,

Dated: March 12, 2012

By: /s/      Deborah J. Swedlow
J. Michael Huget (P39150)
Deborah J. Swedlow (P67844)
HONIGMAN MILLER SCHWARTZ AND COHN LLP
130 S. First Street – 4th Floor
Ann Arbor, MI  48104-1386
Tel.:  734.418.4268
Fax:  734.418.4269
Email:  mhuget@honigman.com;
bswedlow@honigman.com

Paul J. Tanck (*admission in E.D. Michigan pending*)
CHADBOURNE & PARKE LLP
30 Rockefeller Plaza
New York, NY  10112
Tel.:  (212) 408-5100
Fax:  (212) 541-5369
Email:  ptanck@chadbourne.com

**ATTORNEYS FOR PLAINTIFF
ROCKWELL AUTOMATION TECHNOLOGIES, INC.**

CERTIFICATE OF SERVICE

I, Deborah J. Swedlow, hereby certify that on Mon, Mar 12, 2012, I filed the foregoing using the Court's ECF system, which will serve counsel of record by email notice.

Dated: March 12, 2012
By: /s/ Deborah J. Swedlow
J. Michael Huget (P39150)
Deborah J. Swedlow (P67844)
HONIGMAN MILLER SCHWARTZ AND COHN LLP
130 S. First Street – 4th Floor
Ann Arbor, MI 48104-1386
Tel.: 734.418.4268
Fax: 734.418.4269
Email: mhuget@honigman.com;
bswedlow@honigman.com

**ATTORNEYS FOR PLAINTIFF**
**ROCKWELL AUTOMATION TECHNOLOGIES, INC.**