**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ROCKWELL AUTOMATION
TECHNOLOGIES, INC.,

        *Plaintiff*,

    v.

SECURE CROSSING RESEARCH
AND DEVELOPMENT INC.,

        *Defendant*.

Case No. 2:12-cv-10274-GCS-MKM

Honorable George Caram Steeh

## PLAINTIFF'S RULE 26(f) REPORT

Counsel for Plaintiff Rockwell Automation Technologies, Inc. ("Rockwell") and Defendant Secure Crossing Research and Development, Inc. ("Secure Crossing"), conferred, pursuant to Federal Rule of Civil Procedure 26(f) – on April 16 and April 24, 2012 – in an effort to reach consensus on a joint Rule 26(f) Report ("Report"). This redlined draft of the Report reflects the agreements and disputes that remained between the parties as of May 2, 2012.  On that same day, Richard A. Gaffin, counsel of record for Secure Crossing, notified Rockwell's counsel of his intent to withdraw his appearance for Defendant. Rockwell understands that Secure Crossing's other counsel of record, Arnold S. Weintraub, intends to appear at the May 7, 2012 Rule 16 scheudling conference. Mr. Weintraub, however, was not able to consent to the schedule that had been negotiated between the parties. Therefore, Plaintiff Rockwell hereby submits this report in its own name in advance of the Rule 16 scheduling conference.

## I.    JURISDICTION AND SERVICE

The parties agree that the Court has subject matter jurisdiction over this action, the Court has personal jurisdiction over the parties to this action, and venue is proper in this Court.

## II.     SUBSTANCE OF THE ACTION

On January 30, 2012, Rockwell filed this action against Secure Crossing alleging infringement of U.S. Patent No. 7,990,967.  The accused Secure Crossing products include at least "Zenwall-5," "Zenwall-10," Zenwall-2500," Zenwall-3500," and "Zenwall-4500."

On March 30, 2012, Secure Crossing filed an answer in response to Rockwell's complaint denying infringement, asserting that the Rockwell patent in suit is invalid or unenforceable and raising other affirmative defenses.

## III.    IDENTIFICATION OF ISSUES

The issues to be decided in this action include at least the following:

1.       Whether Secure Crossing infringes or has infringed any asserted claim of the Rockwell patent-in-suit;

2.       Whether each of the asserted claims of the Rockwell patent-in-suit is not invalid and is enforceable;

3.       Whether Secure Crossing is entitled to prevail on any affirmative defense;

4.       Whether Rockwell is entitled to a permanent injunction;

5.       The amount of Rockwell's damages for any infringement of any valid and enforceable claim;

6.       Whether Rockwell is entitled to enhanced damages pursuant to 35 U.S.C. §284; and

7.       Whether this case is exceptional and whether Rockwell or Secure Crossing is entitled to attorney's fees and costs pursuant to 35 U.S.C. § 285.

## IV.   **RELIEF**

### A.   **Rockwell's Request for Relief**

Rockwell seeks the following relief:

1.   adjudging Secure Crossing to have violated 35 U.S.C. § 271 by infringing one or more claims of U.S. Patent No. 7,990,967;

2.   adjudging Secure Crossing's infringement to have been willful;

3.   awarding Rockwell damages adequate to compensate for Secure Crossing's infringement in the form of a reasonable royalty under 35 U.S.C. § 284 in an amount to be determined at trial;

4.   finding this action to be an exceptional case under 35 U.S.C. § 285;

5.   awarding Rockwell its reasonable attorney fees under 35 U.S.C. § 285;

6.   awarding Rockwell pre-judgment and post-judgment interest;

7.   permanently enjoining Secure Crossing and its officers, agents, servants, employees, and attorneys, and all other persons who are in active concert or participation with them from further infringement of U.S. Patent No. 7,990,967; and

8.   awarding Rockwell such other and further relief as this Court deems just and equitable.

### B.   **Secure Crossing's Request for Relief**

Secure Crossing seeks the following relief:

1.   determining that Secure Crossing has not infringed any asserted claim of U.S. Patent No. 7,990,967;

2.      determining that Rockwell's claims are barred or limited by any of the affirmative defenses asserted by Secure Crossings;

3.      determining that U.S. Patent No. 7,990,967 is invalid or unenforceable;

4.      determining that Secure Crossing is entitled to its attorney fees and costs because this is an exceptional case under 35 U.S.C. §285; and

5.      awarding such other and further relief as the Court deems just and equitable.

## V.      AMENDMENT OF PLEADINGS

Unless the Court orders otherwise, all motions to amend the pleadings shall be filed by

[Plaintiff proposes May 25, 2012 and Defendant proposes June 8, 2012].

## VI.      JOINDER OF PARTIES

The parties may seek to join additional parties in accord with the Scheduling Order and

Federal Rick, you deleted that the parties are not aware of any additional parties that need to or should be joine in this action at this time.  Is Secure Crossing aware of any?  If not, we should reinsert this statement. Rules of Civil Procedure by stipulation or by requesting leave of the Court should the need arise.

## VII.     DISCOVERY

### A.      Rockwell's Statement Regarding Discovery

Rockwell will require discovery concerning, among other things, the accused Secure Crossing products; the development, design, structure, and operation of the accused Secure Crossing products; the sales, revenue, profits, and marketing associated with the accused Secure Crossing products; Secure Crossing's knowledge of the Rockwell patent and any analyses or opinions concerning the Rockwell patent; Secure Crossing's license agreements concerning the accused Secure Crossing products and related technology and other factors affecting the measure

and extent of damages; the bases for any Secure Crossing's defenses to Rockwell's claims of infringement; the bases for any allegations that the claims of the Rockwell patent is invalid and/or unenforceable.

**B.      Secure Crossing's Statement Regarding Discovery**

Secure Crossing will require discovery concerning, among other things, the prosecution of the Rockwell patent, Rockwell's sales, revenue, profits and margins associated with any invention which Rockwell claims is covered by the Rockwell patent, Rockwell's licensing agreements concerning the Rockwell patent and related technology, and other factors affecting the measure and extent of damages, Rockwell's participation in ODVA, Rockwell's discussions with Secure Crossing relating to the Secure Crossing technology, and Rockwell's purchasing or promotion of the Secure Crossing products.

**C.      Documents and Electronically Stored Information**

Counsel for the parties have conferred to determine the extent to which special procedures, if any, will be required for the discovery of electronically stored information and what form or forms should be used for the production of electronically stored information.  The parties will continue to meet and confer on the scope of discovery of documents and electronically stored information pursuant to Federal Rule of Civil Procedure 26(f).

1.      **General Provisions**

a.      **Proportionality.**  The parties shall use reasonable, good faith, and proportional efforts to preserve, identify, and produce relevant information (stored on paper or in electronic form).

b.      **Preservation of Discoverable Information.**  Each party has or will inform those employees it believes are likely to possess relevant electronic documents of the

necessity to preserve such information and direct that the identified employees to refrain from modifying, deleting or destroying relevant electronic documents for the pendency of this action. To the extent any party had a practice, prior to the initiation of this action, of not making backup tapes or backup copies of electronic documents or of recycling or deleting backup tapes or backup copies of electronic documents, no such party shall be required to suspend that prior practice unless and until such suspension is explicitly requested by a party and approved by the Court for good cause shown.

      c.    **Time Limit On Discovery.**  Absent a showing of good cause, ESI discovery shall be limited ~~(i) to a term of six (6) years before the filing of the complaint~~ to documents dated subsequent to January 1, 2005, except that discovery related to asserted prior art or the conception and reduction to practice of the inventions claimed in any patent-in-suit shall not be so limited.

      d.    **Cost Shifting.**  Costs will be shifted for disproportionate ESI production requests pursuant to Federal Rule of Civil Procedure 26 and pursuant to an order from the Court.  A party's meaningful compliance with this joint report and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

      e.    **Metadata.**  General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include metadata absent a showing of good cause. However, fields showing the date and time that the document was sent and received, as well as the complete distribution list, subject, and attachments shall generally be included in the production.

      f.    **Withheld Document Logs**.  The parties have agreed that no party shall be required to identify on its withheld document log prepared under Fed. R. Civ. P. 26(b)(5)

any document or communication between outside litigation counsel and their client dated on or after the filing date of this action (*i.e.*, January 30, 2012) which, absent this provision, the party would have been obligated to identify on its withheld document log.

g.      **Email Searches.**  The parties ~~have agreed that~~ will meet and confer to develop an agreed-upon list of specific custodians and search terms that will be used to perform the search of e-mail.  The parties agree that, at a minimum, electronic mail will be searched and produced ~~only with respect to (~~for 1) the custodians identified in the ~~party's~~parties initial disclosures, ~~(~~2) interrogatory responses~~,~~ and/or~~,~~ ~~(~~3) supplements to such Rule 26(a)(1) disclosures and interrogatory responses.  ~~The parties will meet and confer to develop an agreed-upon list of specific search terms that will be used to perform the search of e-mail for the custodians identified in (1) through (3) above.  If a party believes that a particular custodian of an adverse party beyond those custodians identified in (1) through (3) above has relevant, discoverable e-mails not obtainable through other means, then that party may request that the email of such custodian be searched for by the adverse party using the agreed-upon search terms. The requesting party and the adverse party will negotiate in good faith regarding the requesting party's need for such search and production.  If an agreement cannot be reached within two weeks of commencement of the good-faith negotiations, then either party may ask the Court for relief.~~

2.      <u>Initial Disclosures</u>

The parties shall exchange initial disclosures by May 14, 2012.

**D.      <u>Discovery Limitations</u>**

The parties agree that the following limits on discovery shall apply.

1.      <u>Fact Depositions</u>:  Each party may take depositions up to a total of one-hundred (100) hours of on-the-record time.  The parties each reserve their right to seek relief

from the court to limit the length of any particular deposition or take depositions in excess of the limits described above.

        2.    <u>Expert Depositions</u>:  Promptly after the parties serve their expert reports, the parties will confer in good faith in an effort to reach an agreement regarding limits on expert deposition time.

    **E.**    **<u>Proposed Schedule</u>**

The parties propose the following schedule:

| EVENT | DEFENDANT'S PROPOSED DATE | PLAINTIFF'S PROPOSED DATE |
|---|---|---|
| Rule 16 Conference | May 7, 2012 | May 7, 2012 |
| Serve Rule 26(a) Initial Disclosures | May 1~~4~~5, 2012 | May 14, 2012 |
| Deadline for Submission of Proposed Stipulated Protective Order | May 1~~4~~5, 2012 | May 14, 2012 |
| <u>Preliminary Infringement Contentions</u> | June 4, 2012 | May 14, 2012 |
| Rockwell shall (i) identify the accused products and each asserted claim that those products allegedly infringe, (ii) produce the file history for each asserted patent, and (iii) produce an initial claim chart relating the accused product to the asserted claims it allegedly infringes | | |
| Secure Crossing shall produce the core technical documents related to the accused product(s) including, but not limited to, operation manuals, product literature, schematics, and specifications | ~~July 6~~June 15, 2012 | May 14, 2012 |
| Deadline to Join Parties / Amend Pleadings | ~~June 8~~May 25, 2012 | May 25, 2012 |
| Secure Crossing shall produce its | July 6, 2012 | June 11, 2012 |

| | | |
|---|---|---|
| initial invalidity contentions for each asserted claim as well as the cited invalidating references | | |
| Exchange Proposed Terms for Claim Construction | July 16, 2012 | July 16, 2012 |
| Exchange Preliminary Proposed Constructions | July 30, 2012 | July 30, 2012 |
| File Final Joint Claim Construction Statement | August 13, 2012 | August 13, 2012 |
| Rockwell Files Opening Claim Construction Brief | August 27, 2012 | August 27, 2012 |
| Secure Crossing Files Answering Claim Construction Brief | September 17, 2012 | September 17, 2012 |
| Rockwell Files Reply Claim Construction Brief | [?]September 28, 2012 | September 28, 2012 |
| Markman Hearing | (To be set by the Court) | (To be set by the Court) |
| Close of Fact Discovery | October 2~~1~~2, 2012 ~~This is a Sunday~~ | October 12, 2012 |
| Serve Opening Expert Reports (burden of proof) | November 14, 2012 | October 26, 2012 |
| Serve Rebuttal Expert Reports | December 10, 2012 | November 16, 2012 |
| Close of Expert Discovery | January 21, 2013 | November 30, 2012 |
| Dispositive Motion Deadline | February 4, 2013 | December 21, 2012 |
| Rule 26(a)(3) Disclosures | (to be included in Final Pretrial Report) | (to be included in Final Pretrial Report) |
| Objections to Rule 26(a)(3) Disclosures; Deadline for Motions *in Limine* | (to be included in Final Pretrial Report) | (to be included in Final Pretrial Report) |
| Pre-Trial Conference | (To be set by the Court) | (To be set by the Court) |
| Trial | (To be set by the Court) | (To be set by the Court) |

## VIII.   ESTIMATED TRIAL LENGTH

Depending on the scope and number of issues remaining in this action at the time of trial, the parties estimate that it will take approximately ~~[Plaintiff estimates two weeks and Defendant estimates~~ six to ten days~~]~~ to try this case.

## IX.   JURY TRIAL

Both parties have requested a jury trial on all issues that are so triable to a jury.

## X.   SETTLEMENT

The parties have had settlement discussions before the lawsuit, but have not reached a resolution. Because of the prior business relationship between the parties, [**Secure Crossing**] believes that early mediation or a settlement conference with the Court could be effective in reaching a resolution of this dispute.

**Rockwell** does not believe that a settlement conference or early mediation would be productive at this point in the dispute.

## XI.   OTHER MATTERS

### A.   Protective Order

Because confidential information will have to be exchanged in this action, the parties agree that a protective order will be necessary.  The proposed order will include a "claw back" provision.  The parties will attempt to agree on the form of such an order and present it to the Court for the Court's approval.

### B.   Service

The parties have agreed, pursuant to Fed. R. Civ. P. 5(b)(2)(F), that papers not required to be filed with the Court may be served by email; provided, however, that counsel receiving email service shall promptly acknowledge receipt by reply email and that, if such acknowledgment is not

received within one business day, counsel making email service shall promptly contact counsel to

be served by telephone, fax or email to arrange alternative service by fax or overnight delivery,

which alternative service shall be considered timely if effected within the same business day as

said contact for fax or email and within one additional business day of said contact for overnight

delivery; and further provided that the three-day time period provided under Fed. R. Civ. P. 6(d)

shall not apply to papers not required to be filed with the Court that are served by email.

## XII.   CONFIRMATION OF RULE 26(F) CONFERENCE

Counsel for the parties have conferred about each of the matters listed above.

Dated:  May 4, 2012

RESPECTUFLLY SUBMITTED,

By: /s/Deborah J. Swedlow

J. Michael Huget (P39150)
Deborah J. Swedlow (P67844)
HONIGMAN MILLER SCHWARTZ AND
COHN LLP
130 S. First Street – 4th Floor
Ann Arbor, MI  48104-1386
Tel:    734.418.4268
Fax:    734.418.4269
Email:  mhuget@honigman.com
           bswedlow@honigman.com

OF COUNSEL:

Scott S. Balber
Paul J. Tanck
   (admission pending status)
CHADBOURNE & PARKE LLP
30 Rockefeller Plaza
New York, NY  10112
Tel.:    (212) 408-5100
Fax:     (212) 541-5369
Email:  sbalber@chadbourne.com
           ptanck@chadbourne.com

COUNSEL FOR PLAINTIFF ROCKWELL

Certificate of Service

I, Deborah J. Swedlow, hereby certify that a copy of the foregoing was filed on May 4, 2012, via the Court's ECF system, which will cause counsel of record for Defendant to be served.

By: /s/ Deborah J. Swedlow
HONIGMAN MILLER SCHWARTZ AND COHN LLP
130 S. First Street – 4th Floor
Ann Arbor, MI  48104-1386
Tel:    734.418.4268
Fax:    734.418.4269
Email: bswedlow@honigman.com