IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ROCKWELL AUTOMATION TECHNOLOGIES, INC.,<br><br>    *Plaintiff*,<br><br>v.<br><br>SECURE CROSSING RESEARCH AND DEVELOPMENT INC.,<br><br>    *Defendant*. | Case No. 2:12-cv-10274-GCS-MKM<br><br>Honorable George Caram Steeh |

### RULE 26(f) REPORT AND CASE MANAGEMENT ORDER

Counsel for Plaintiff Rockwell Automation Technologies, Inc. ("Rockwell") and Defendant Secure Crossing Research and Development, Inc. ("Secure Crossing"), conferred, pursuant to Federal Rule of Civil Procedure 26(f) – on April 16 and April 24, 2012 – in an effort to reach consensus on a joint Rule 26(f) Report ("Report"). The parties attended the May 7, 2012 Rule 16 Conference, at which time the isues and deadlines addressed in his Report were discussed. This Report reflects the Court's rulings.

### I. JURISDICTION AND SERVICE

The parties agree that the Court has subject matter jurisdiction over this action, the Court has personal jurisdiction over the parties to this action, and venue is proper in this Court.

### II. SUBSTANCE OF THE ACTION

On January 30, 2012, Rockwell filed this action against Secure Crossing alleging infringement of U.S. Patent No. 7,990,967. The accused Secure Crossing products include at least "Zenwall-5," "Zenwall-10," Zenwall-2500," Zenwall-3500," and "Zenwall-4500."

10843260.1

On March 30, 2012, Secure Crossing filed an answer in response to Rockwell's complaint denying infringement, asserting that the Rockwell patent in suit is invalid or unenforceable and raising other affirmative defenses.

## III. IDENTIFICATION OF ISSUES

The issues to be decided in this action include at least the following:

1. Whether Secure Crossing infringes or has infringed any asserted claim of the Rockwell patent-in-suit;

2. Whether each of the asserted claims of the Rockwell patent-in-suit is not invalid and is enforceable;

3. Whether Secure Crossing is entitled to prevail on any affirmative defense;

4. Whether Rockwell is entitled to a permanent injunction;

5. The amount of Rockwell's damages for any infringement of any valid and enforceable claim;

6. Whether Rockwell is entitled to enhanced damages pursuant to 35 U.S.C. §284; and

7. Whether this case is exceptional and whether Rockwell or Secure Crossing is entitled to attorney's fees and costs pursuant to 35 U.S.C. § 285.

## IV. RELIEF

### A. Rockwell's Request for Relief

Rockwell seeks the following relief:

1. adjudging Secure Crossing to have violated 35 U.S.C. § 271 by infringing one or more claims of U.S. Patent No. 7,990,967;

2. adjudging Secure Crossing's infringement to have been willful;

3. awarding Rockwell damages adequate to compensate for Secure Crossing's infringement in the form of a reasonable royalty under 35 U.S.C. § 284 in an amount to be determined at trial;

4. finding this action to be an exceptional case under 35 U.S.C. § 285;

5. awarding Rockwell its reasonable attorney fees under 35 U.S.C. § 285;

6. awarding Rockwell pre-judgment and post-judgment interest;

7. permanently enjoining Secure Crossing and its officers, agents, servants, employees, and attorneys, and all other persons who are in active concert or participation with them from further infringement of U.S. Patent No. 7,990,967; and

8. awarding Rockwell such other and further relief as this Court deems just and equitable.

**B.  Secure Crossing's Request for Relief**

Secure Crossing seeks the following relief:

1. determining that Secure Crossing has not infringed any asserted claim of U.S. Patent No. 7,990,967;

2. determining that Rockwell's claims are barred or limited by any of the affirmative defenses asserted by Secure Crossings;

3. determining that U.S. Patent No. 7,990,967 is invalid or unenforceable;

4. determining that Secure Crossing is entitled to its attorney fees and costs because this is an exceptional case under 35 U.S.C. §285; and

5. awarding such other and further relief as the Court deems just and equitable.

**V.   AMENDMENT OF PLEADINGS**

Unless the Court orders otherwise, all motions to amend the pleadings shall be filed by June 8, 2012.

**VI.   JOINDER OF PARTIES**

The parties may seek to join additional parties in accord with the Scheduling Order and Federal Rules of Civil Procedure by stipulation or by requesting leave of the Court should the need arise.

**VII.   DISCOVERY**

    **A.   Rockwell's Statement Regarding Discovery**

Rockwell will require discovery concerning, among other things, the accused Secure Crossing products; the development, design, structure, and operation of the accused Secure Crossing products; the sales, revenue, profits, and marketing associated with the accused Secure Crossing products; Secure Crossing's knowledge of the Rockwell patent and any analyses or opinions concerning the Rockwell patent; Secure Crossing's license agreements concerning the accused Secure Crossing products and related technology and other factors affecting the measure and extent of damages; the bases for any Secure Crossing's defenses to Rockwell's claims of infringement; the bases for any allegations that the claims of the Rockwell patent is invalid and/or unenforceable.

    **B.   Secure Crossing's Statement Regarding Discovery**

Secure Crossing will require discovery concerning, among other things, the prosecution of the Rockwell patent, Rockwell's sales, revenue, profits and margins associated with any invention which Rockwell claims is covered by the Rockwell patent, Rockwell's licensing agreements concerning the Rockwell patent and related technology, and other factors affecting the measure

and extent of damages, Rockwell's participation in ODVA, Rockwell's discussions with Secure Crossing relating to the Secure Crossing technology, and Rockwell's purchasing or promotion of the Secure Crossing products.

  **C.**  **Documents and Electronically Stored Information**

  Counsel for the parties have conferred to determine the extent to which special procedures, if any, will be required for the discovery of electronically stored information and what form or forms should be used for the production of electronically stored information. The parties will continue to meet and confer on the scope of discovery of documents and electronically stored information pursuant to Federal Rule of Civil Procedure 26(f).

  1.  **General Provisions**

    a.  **Proportionality.**  The parties shall use reasonable, good faith, and proportional efforts to preserve, identify, and produce relevant information (stored on paper or in electronic form).

    b.  **Preservation of Discoverable Information.**  Each party has or will inform those employees it believes are likely to possess relevant electronic documents of the necessity to preserve such information and direct that the identified employees to refrain from modifying, deleting or destroying relevant electronic documents for the pendency of this action. To the extent any party had a practice, prior to the initiation of this action, of not making backup tapes or backup copies of electronic documents or of recycling or deleting backup tapes or backup copies of electronic documents, no such party shall be required to suspend that prior practice unless and until such suspension is explicitly requested by a party and approved by the Court for good cause shown.

      c.      **Time Limit On Discovery.**  Absent a showing of good cause, ESI discovery shall be limited to doucments dates subsequent to January 1, 2005, except that discovery related to asserted prior art or the conception and reduction to practice of the inventions claimed in any patent-in-suit shall not be so limited.

      d.      **Cost Shifting.**  Costs will be shifted for disproportionate ESI production requests pursuant to Federal Rule of Civil Procedure 26 and pursuant to an order from the Court.  A party's meaningful compliance with this joint report and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

      e.      **Metadata.**  General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include metadata absent a showing of good cause. However, fields showing the date and time that the document was sent and received, as well as the complete distribution list, subject, and attachments shall generally be included in the production.

      f.      **Withheld Document Logs**.  The parties have agreed that no party shall be required to identify on its withheld document log prepared under Fed. R. Civ. P. 26(b)(5) any document or communication between outside litigation counsel and their client dated on or after the filing date of this action (*i.e.*, January 30, 2012) which, absent this provision, the party would have been obligated to identify on its withheld document log.

      g.      **Email Searches.**  The parties will meet and confer to develop an agreed-upon list of specific custodians and search terms that will be used to perform the search of e-mail.  The parties agree that, at a minimum, electronic mail will be searched and produced for (1) the custodians identified in the parties initial disclosures, (2) interrogatory responses, and/or, (3) supplements to such Rule 26(a)(1) disclosures and interrogatory responses.

     2.     **Initial Disclosures**

The parties shall exchange initial disclosures by May 25, 2012.

    D.     **Discovery Limitations**

The parties agree that the following limits on discovery shall apply.

     1.     Fact Depositions:  Each party may take depositions up to a total of one-hundred (100) hours of on-the-record time.  The parties each reserve their right to seek relief from the court to limit the length of any particular deposition or take depositions in excess of the limits described above.  Randall E. Reeves, C.T.O for Secure Crossing, may be deposed for a total of 12 hours of on-the-record time, over two days and his deposition will take place during the week of May 28, 2012.

     2.     Expert Depositions:  Promptly after the parties serve their expert reports, the parties will confer in good faith in an effort to reach an agreement regarding limits on expert deposition time.

    E.     **Schedule**

The parties and Court have agreed to the following schedule:

| EVENT | DATE |
|---|---|
| Rule 16 Conference | May 7, 2012 |
| Serve Rule 26(a) Initial Disclosures | May 25, 2012 |
| Deadline for Submission of Proposed Stipulated Protective Order | May 25, 2012 |
| Preliminary Infringement Contentions<br><br>Rockwell shall (i) identify the accused products and each asserted claim that those products allegedly infringe, (ii) produce the file history for each asserted | May 14, 2012 |

10843260.1                     7

| | |
|---|---|
| patent, and (iii) produce an initial claim chart relating the accused product to the asserted claims it allegedly infringes | |
| Secure Crossing shall produce the core technical documents related to the accused product(s) including, but not limited to, operation manuals, product literature, schematics, and specifications | June 1, 2012 |
| Deadline to Join Parties / Amend Pleadings | June 8, 2012 |
| Secure Crossing shall produce its initial invalidity contentions for each asserted claim as well as the cited invalidating references | June 28, 2012 |
| **Tutorial and Scheduling Coference** | **June 21, 2012 (11:00 am)** |
| Exchange Proposed Terms for Claim Construction | To be set by the Court |
| Exchange Preliminary Proposed Constructions | To be set by the Court |
| File Final Joint Claim Construction Statement | To be set by the Court |
| Rockwell Files Opening Claim Construction Brief | To be set by the Court |
| Secure Crossing Files Answering Claim Construction Brief | To be set by the Court |
| Rockwell Files Reply Claim Construction Brief | To be set by the Court |
| Markman Hearing | To be set by the Court |
| Close of Fact Discovery | To be set by the Court |
| Serve Opening Expert Reports (burden of proof) | To be set by the Court |
| Serve Rebuttal Expert Reports | To be set by the Court |
| Close of Expert Discovery | To be set by the Court |
| Dispositive Motion Deadline | To be set by the Court |

| | |
|---|---|
| Rule 26(a)(3) Disclosures | (to be included in Final Pretrial Report) |
| Objections to Rule 26(a)(3) Disclosures; Deadline for Motions *in Limine* | (to be included in Final Pretrial Report) |
| Pre-Trial Conference | To be set by the Court |
| Trial | To be set by the Court |

## VIII. ESTIMATED TRIAL LENGTH

Depending on the scope and number of issues remaining in this action at the time of trial, the parties estimate that it will take six (6) to ten (10) days to try this case.

## IX. JURY TRIAL

Both parties have requested a jury trial on all issues that are so triable to a jury.

## X. SETTLEMENT

The parties have had settlement discussions before the lawsuit, but have not reached a resolution. Because of the prior business relationship between the parties, [Secure Crossing] believes that early mediation or a settlement conference with the Court could be effective in reaching a resolution of this dispute.

Rockwell does not believe that a settlement conference or early mediation would be productive at this point in the dispute.

## XI. OTHER MATTERS

### A. Protective Order

Because confidential information will have to be exchanged in this action, the parties agree that a protective order will be necessary. The proposed order will include a "claw back"

provision. The parties will attempt to agree on the form of such an order and present it to the Court for the Court's approval.

    **B.**    **Service**

The parties have agreed, pursuant to Fed. R. Civ. P. 5(b)(2)(F), that papers not required to be filed with the Court may be served by email; provided, however, that counsel receiving email service shall promptly acknowledge receipt by reply email and that, if such acknowledgment is not received within one business day, counsel making email service shall promptly contact counsel to be served by telephone, fax or email to arrange alternative service by fax or overnight delivery, which alternative service shall be considered timely if effected within the same business day as said contact for fax or email and within one additional business day of said contact for overnight delivery; and further provided that the three-day time period provided under Fed. R. Civ. P. 6(d) shall not apply to papers not required to be filed with the Court that are served by email.

**XII.**    **CONFIRMATION OF RULE 26(F) CONFERENCE**

Counsel for the parties have conferred about each of the matters listed above.

Dated: May 11, 2012                                                                 RESPECTUFLLY SUBMITTED,

                                                                              By: /s/Deborah J. Swedlow

                                                                              J. Michael Huget (P39150)
                                                                              Deborah J. Swedlow (P67844)
                                                                              HONIGMAN MILLER SCHWARTZ AND COHN LLP
                                                                              130 S. First Street – 4th Floor
                                                                              Ann Arbor, MI 48104-1386
                                                                              Tel:    734.418.4268
                                                                              Fax:   734.418.4269
                                                                              Email: mhuget@honigman.com
                                                                                                      bswedlow@honigman.com

OF COUNSEL:

Scott S. Balber (admitted in E.D.Mich.)
Paul J. Tanck (admitted in E.D.Mich.)
CHADBOURNE & PARKE LLP
30 Rockefeller Plaza
New York, NY 10112
Tel.: (212) 408-5100
Fax: (212) 541-5369
Email: sbalber@chadbourne.com
ptanck@chadbourne.com

**COUNSEL FOR PLAINTIFF ROCKWELL**

SO ORDERED.

s/George Caram Steeh
United States District Judge

Dated: May 11, 2012

10843260.1          11