**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ROCKWELL AUTOMATION TECHNOLOGIES, INC.,

*Plaintiff,*

v.

SECURE CROSSING RESEARCH AND DEVELOPMENT INC.,

*Defendant.*

Case No. 2:12-cv-10274-GCS-MKM

Honorable George Caram Steeh

[Oral Argument Requested]

**PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

Plaintiff, Rockwell Automation Technologies, Inc. ("Rockwell" or "Plaintiff"), by and through its counsel, hereby moves the Court for an order compelling defendant Secure Crossing Research & Development Inc. ("Secure Crossing" or "Defendant") to produce responses to Rockwell's document and interrogatory requests, and to produce the totality of its core technical documents as ordered by the Court.

On April 24, 2012, Rockwell served Secure Crossing with its First Set of Requests for Production of Documents and Things and its First Set of Interrogatories pursuant to Federal Rule of Civil Procedure 33 and 34. These responses were due on May 28, 2012. As of the time of this filing, no documents, information or objections have been provided by Secure Crossing.

In addition, pursuant to a May 11, 2012 Case Management Order, Secure Crossing was required to produce core technical documents on June 1, 2012. While Secure Crossing did produce a handful of documents on that date, it failed to provide Rockwell with design specifications and source code for the accused products.

Specifically, Rockwell seeks an order compelling Secure Crossing to provide all documents and information responsive to Rockwell's document and interrogatory requests, without objection, and the production of the totality of core technical documents relating to the accused products as ordered by the Court, within seven (7) days of a ruling on this motion. Rockwell respectfully requests that the Court order other such relief, including sanctions, as justice requires.

This motion is filed following not less than nine requests that Secure Crossing meet its discovery obligations and a conference of counsel pursuant to Local Rule 7.1(a). During a telephone conversation on June 25, 2012, David Oppenhuizen, counsel for Secure Crossing, represented that Secure Crossing would oppose this motion.

Dated: June 26, 2012

Respectfully submitted,

/s/ Scott S. Balber

HONIGMAN MILLER SCHWARTZ AND COHN LLP
J. Michael Huget (P39150)
Deborah J. Swedlow (P67844)
130 S. First Street – 4th Floor
Ann Arbor, MI 48104-1386
Tel: (734) 418.4268
Fax: (734) 418.4269
Email: mhuget@honigman.com
bswedlow@honigman.com

CHADBOURNE & PARKE LLP
Scott S. Balber
Paul J. Tanck
Lisa Schapira
30 Rockefeller Plaza
New York, NY 10112
Tel.: (212) 408-5100
Fax: (212) 541-5369
Email: sbalber@chadbourne.com
ptanck@chadbourne.com
lschapira@chadbourne.com

**ATTORNEYS FOR PLAINTIFF ROCKWELL AUTOMATION TECHNOLOGIES, INC.**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ROCKWELL AUTOMATION TECHNOLOGIES, INC.,

*Plaintiff,*

v.

SECURE CROSSING RESEARCH AND DEVELOPMENT INC.,

*Defendant.*

Case No. 2:12-cv-10274-GCS-MKM

Honorable George Caram Steeh

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S**
**MOTION TO COMPEL DISCOVERY**

**QUESTIONS PRESENTED**

1. Whether the Court should compel Secure Crossing to produce all documents and information requested in Plaintiff's First Set of Document Requests and Interrogatories, without objections, within (7) days of the issuance of an order compelling production?

Rockwell's Answer: Yes.

2. Whether the Court should compel Secure Crossing to provide core technical documents as required by the May 11, 2012 Case Management Order, within (7) days of the issuance of an order compelling production?

Rockwell's Answer: Yes.

## I. INTRODUCTION

Defendant Secure Crossing Research & Development Inc. ("Secure Crossing" or "Defendant") has failed to comply with its discovery obligations under the Federal Rules of Civil Procedure and a Court Order to produce documents. Specifically, Secure Crossing has failed to respond to Rockwell Automation Technologies, Inc.'s ("Rockwell" or "Plaintiff") document and interrogatory requests, as well as disclosures ordered by the Court in the May 11, 2012 Case Management Order ("CMO").

## II. BACKGROUND

This is a patent infringement case in which Rockwell claims that certain products sold by Secure Crossing infringe upon U.S. Patent No. 7,990,967 (the "'967 Patent") owned by Rockwell. (Complaint, Docket 1). The '967 Patent pertains generally to systems and methods that provide secure and firewall restricted access to control devices and components residing within an industrial environment.

On April 24, 2012, Rockwell served Plaintiff's First Set of Interrogatories and Plaintiff's First Set of Request for Production of Documents and Things. (Exhs. A & B.)[1] Although Secure Crossing's responses were due on May 28, 2012, no responses have been received and no documents have been produced. (Schapira Decl., ¶ 5.) Since May 28, 2012, Counsel for Rockwell has reached out to Secure Crossing by telephone and in writing regarding the delinquent discovery on not less than nine occasions. (See Meet and Confer Correspondence,

---

[1] All exhibits are to the Declaration of Lisa Schapira ("Schapira Decl.") filed in support of this motion.

Exh. C.)[2] During a telephone conversation with Mr. Oppenhuizen, counsel for Secure Crossing, on June 25, 2012, no information was provided as to when Rockwell could expect responses to its document and interrogatory requests. (Schapira Decl., ¶ 7.) Rockwell also informed Secure Crossing that Secure Crossing had waived any objections to the document and interrogatory requests because of its failure to provide a timely response. (See, e.g., May 30, 2012 Letter from L. Schapira to A. Weintraub, Exh. C.) Secure Crossing never asked to extend the deadline for its response to Rockwell's discovery requests. (Schapira Decl., ¶ 5.)

In addition, Secure Crossing was ordered by the Court to produce its "core technical documents" by June 1, 2012. (CMO, Docket 22.) While Secure Crossing did provide a handful of documents, it by no means provided a complete set of its core technical documents. (Schapira Decl., ¶ 6.) To date, Secure Crossing has not provided the accused product's design specifications and computer source code, which are core technical documents that will provide the details regarding Secure Crossing's infringement. (Id.)

---

[2] See, e.g., Exh. C: (1) May 30, 2012 Letter from P. Tanck to A. Weintraub inquiring about Secure Crossing's delinquent responses to Rockwell's document and interrogatory requests and late Initial Disclosures; (2) June 4, 2012 Letter from L. Schapira to A. Weintraub inquiring about Secure Crossing's delinquent responses to Rockwell's document and interrogatory requests and late Initial Disclosures; (3) June 4, 2012 Email (10:12 a.m.) from S. Balber to A. Weintraub requesting response to May 30, 2012 Letter from P. Tanck; (4) June 11, 2012 Email (1:30 p.m.) from L. Schapira to A. Weintraub inquiring about Secure Crossing's responses to Rockwell's discovery requests and initial disclosures; (5) June 14, 2012 Email (10:53 a.m.) from P. Tanck to A. Weintraub inquiring about Secure Crossing's production of core technical documents and outstanding responses to Rockwell's document and interrogatory requests; (6) June 14, 2012 Email (11:57 a.m.) from P. Tanck to A. Weintraub inquiring about Secure Crossing's production of core technical documents and outstanding responses to Rockwell's document and interrogatory requests; (7) June 15, 2012 Email (11:36 a.m.) from L. Schapira to A. Weintraub inquiring about Secure Crossing's responses to Rockwell's document and interrogatory requests; and (8) June 22, 2012 Letter from L. Schapira to A. Weintraub inquiring about Secure Crossing's responses to Rockwell's discovery requests.

## III. ARGUMENT

### A. Legal Standard

The scope of discovery under the Federal Rules of Civil Procedure is broad. "Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." FED. R. CIV. P. 26(b)(1). The test under Rule 26 with regard to discovery requests is clear. Information is subject to discovery if it is reasonably calculated to lead to the discovery of evidence that would be admissible at trial. FED. R. CIV. P. 26(b)(1).

Federal Rule of Civil Procedure 34(a) allows a party to serve on any other party a request to inspect and copy designated documents and tangible things. FED. R. CIV. P. 34(a). A written response to a request for production is required within 30 days after service of the request. FED. R. CIV. P. 34(b)(2)(B). Federal Rule of Civil Procedure 33 allows a party to serve on any other party written interrogatories. FED. R. CIV. P. 33(a). Responses to interrogatory requests are required within 30 days after service of the requests. FED. R. CIV. P. 34(b)(2).

"As a general rule, failure to object to discovery requests within the thirty days provided by Rules 33 and 34 constitutes a waiver of any objections." See MAS, Inc. v. Nocheck, LLC., Slip Copy, No. 10-cv-13147, 2011 WL 1135367, *3 (E.D. Mich., May 28, 2011); see also FED. R. CIV. P. 33(b)(4). The district Court in MAS, Inc. stated that: "[i]f the time limits set forth in the discovery rules are to have any meaning, waiver is a necessary consequence of dilatory action in most cases." (Id.) (citing references omitted). Indeed, Rule 33(b)(4) of the Federal Rules of Civil Procedure state that "[a]ny ground not stated in a timely objection is waived unless, the court, for good cause, excuses the failure." FED. R. CIV. P. 34(b)(4). Secure Crossing has no good cause for failing to respond to Rockwell's discovery requests.

A party may move the Court for an order compelling compliance with discovery or a prior Court order. See FED. R. CIV. P. 37(a)(3). In addition to compelling compliance, the Court

may award a party moving to compel discovery reasonable expenses, including attorney's fees, if the motion is granted. FED. R. CIV. P. 37(a)(5). For a failure to comply with an order requiring discovery – including an order relating to Rule 26(f) disclosures – the Court is permitted to impose the following sanctions:

1. An order that certain designated facts shall be taken as established;
2. An order refusing to allow the disobedient party to support or oppose designated claims;
3. An order prohibiting the disobedient party from introducing designated matters in evidence;
4. An order striking pleadings;
5. An order dismissing the action; and
6. An order treating as contempt of court the failure to obey the order.

See FED. R. CIV. P. 37(b)(2)(A). Accordingly, the Court has the power to keep litigants from engaging in discovery gamesmanship and can both compel them to comply with their discovery obligations and sanction them for their non-compliance.

**B. Secure Crossing Has Failed to Comply with Its Discovery Obligations**

Secure Crossing has failed to respond to Rockwell's document and interrogatory requests, including failing to provide any written objections. (Schapira Decl., ¶ 5.) Secure Crossing has not requested an extension of time to respond and has not provided any assurances that a production will be forthcoming. (Schapira Decl., ¶¶ 4, 5 & 7.) Accordingly, Secure Crossing has waived any objections to Rockwell's discovery requests. In addition, Secure Crossing has failed to produce the totality of its core technical documents, including product design specifications and source code, as required by the CMO. (Id.; see also CMO, Docket 22.)

Since the core technical documents, document requests, and interrogatories seek information relating to claims and defenses in this action and are reasonably calculated to lead to the discovery of admissible evidence, the Court should compel Secure Crossing to produce all responsive documents and information without further delay.

## IV. CONCLUSION

For the foregoing reasons Rockwell respectfully requests that the Court grant Rockwell's motion and compel the production of the requested documents and information within seven (7) days of its ruling on this motion. Rockwell also requests that the Court award Rockwell its expenses in bringing this motion and any other relief that the Court deems appropriate.

Dated: June 26, 2012

Respectfully submitted,

/s/ Scott S. Balber

HONIGMAN MILLER SCHWARTZ AND COHN LLP
J. Michael Huget (P39150)
Deborah J. Swedlow (P67844)
130 S. First Street – 4th Floor
Ann Arbor, MI 48104-1386
Tel: (734) 418.4268
Fax: (734) 418.4269
Email: mhuget@honigman.com
bswedlow@honigman.com

CHADBOURNE & PARKE LLP
Scott S. Balber
Paul J. Tanck
Lisa Schapira
30 Rockefeller Plaza
New York, NY 10112
Tel.: (212) 408-5100
Fax: (212) 541-5369
Email: sbalber@chadbourne.com
ptanck@chadbourne.com
lschapira@chadbourne.com

**ATTORNEYS FOR PLAINTIFF ROCKWELL AUTOMATION TECHNOLOGIES, INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of June, 2012 a copy of the foregoing was electronically filed with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys of record.

Dated: June 26, 2012

/s/ Lisa Schapira

Lisa Schapira
CHADBOURNE & PARKE LLP
30 Rockefeller Plaza
New York, NY 10112
Tel.: (212) 408-5100
Fax: (212) 541-5369
Email: lschapira@chadbourne.com

**ATTORNEY FOR PLAINTIFF ROCKWELL AUTOMATION TECHNOLOGIES, INC.**