# Exhibit C

# CHADBOURNE & PARKE LLP

30 Rockefeller Plaza, New York, NY 10112
tel 212-408-5100  fax 212-541-5369

Paul J. Tanck
direct tel +1 212 408 1116
PTanck@chadbourne.com

May 30, 2012

*VIA EMAIL*

Arnold Weintraub
The Weintraub Group, PLC
28580 Orchard Lake Road, Suite 140
Farmington Hills, Michigan 48334

Re: *Rockwell Automation, Technologies Inc. v. Secure Crossing Research & Development, Inc.* (12-cv-10274-GCS-MKM)

Dear Arnie,

Pursuant to the May 11, 2012 Case Management Order (Docket. 22) the parties were required to exchange their initial disclosures. Rockwell Automation Technologies, Inc. ("Rockwell" or "Plaintiff") served its disclosures on May 25th. Secure Crossing Research & Development Inc. ("Secure Crossing"), however, has not. Please provide Secure Crossing's Initial Disclosures immediately.

The outstanding Initial Disclosures is not Secure Crossing's only discovery delinquency. Secure Crossing has not responded to Rockwell's document and interrogatory requests. On April 24, 2012, Rockwell served "Plaintiff's First Set of Requests for the Production of Documents and Things" and "Plaintiff's First Set of Interrogatories." The time for Secure Crossing's response to this discovery has elapsed. No response or objection has been received by Rockwell, and no waiver was requested. "As a general rule, failure to object to discovery requests within the thirty days provided by Rules 33 and 34 constitutes a waiver of any objections." See *MAS, Inc. v. Nocheck, LLC.*, Slip Copy, No. 10-cv-13147, 2011 WL 1135367, *3 (E.D. Mich., May 28, 2011) ("If the time limits set forth in the discovery rules are to have any meaning, waiver is a necessary consequence of dilatory action in most cases.") (citing references omitted). Thus, Secure Crossing has waived its objections to the aforementioned discovery requests. Please provide full and complete responses to these discovery requests immediately.

Very truly yours,

/s/ Paul Tanck

# CHADBOURNE
# & PARKE LLP

30 Rockefeller Plaza, New York, NY 10112
tel 212-408-5100  fax 212-541-5369

Lisa Schapira
direct tel +1 212 408 5478
lschapira@chadbourne.com

June 4, 2012

<u>VIA EMAIL</u>

Arnold Weintraub
The Weintraub Group, PLC
28580 Orchard Lake Road, Suite 140
Farmington Hills, Michigan 48334

Re: <u>Rockwell Automation, Technologies Inc. v. Secure Crossing Research & Development, Inc. (12-cv-10274-GCS-MKM)</u>

Dear Arnie,

This letter follows up on letter sent to you from Paul Tanck on May 30, 2012 in which Mr. Tanck informed you that Secure Crossing Research & Development ("Secure Crossing") had not provided its initial disclosures in violation of the May 11, 2012 Case Management Order, and that Secure Crossing had failed to timely respond to Rockwell Automation Technologies Inc.'s ("Rockwell") document and interrogatory requests. Rockwell has still not received these documents. Please provide the initial disclosures and discovery responses immediately.

During the deposition of Mr. Reeves on May 31, 2012, several documents were identified. Those documents include:

1. Any document or docket entry that reflects the removal or suspension of probation conditions, including a condition that Mr. Reeves not own, use or possess any computer system, in connection with his release from jail following a conviction for criminal activity in Arizona.

2. Records reflecting any payments received by Reeves for any medical devices, including but not limited to those involving a visual system for endotracheal intubation.

3. Any agreements reflecting the assignment of any invention made by Mr. Reeves to Secure Crossing (or its related entities - including Secure Crossing Holdings LLC and Secure Crossing Inc.) relating to the filtering of industrial protocols or the accused products. This would include an assignment of an invention regarding the filtering of industrial protocols that that is the subject of a patent application(s) in which Mr. Reeves is an inventor.

**CHADBOURNE**
**& PARKE** LLP

-2-                                                          June 4, 2012

4. All other agreements between Mr. Reeves and any Secure Crossing entity, including but not limited to Secure Crossing Research and Development, Secure Crossing Holdings LLC or Secure Crossing Inc.

5. Any documents that would reflect the first sale of the Zenwall-10, including but not limited to purchase orders or something that were sent by a customer as described by Mr. Reeves during his deposition.

6. Any documents that would reflect the first offer for sale of the Zenwall-10, including but not limited to copies or cached versions of the Secure Crossing website reflecting such offers, as described by Mr. Reeves during his deposition.

7. All source code that has been copyrighted by Secure Crossing relating to the accused products or filtering industrial protocols, including any materials that were submitted to the U.S. Copyright Office in connection the following registrations:

    - TXu001727470
    - TXu001727461
    - TXu001727444
    - TXu001727466
    - TXu001727443
    - TXu001727471
    - TXu001727446
    - TXu001727464
    - TXu001727452
    - TXu001727448
    - TXu001727450
    - TXu001727475
    - TXu001727451
    - TXu001727467
    - TXu001727455
    - TXu001727459
    - TXu001727478

8. Any agreements that reflect steps taken by Secure Crossing to protect its intellectual property, including but not limited to agreements between or among any Secure Crossing entity, and any inside or outside personnel or contractor or consultants.

CPAM: 4732622

CHADBOURNE
& PARKE LLP

-3-                                                                    June 4, 2012

9. Any agreements, including price quotes, between or among Secure Crossing and Aaeon.

10. Any agreements, including price quotes, between or among Secure Crossing and Lanner Electronics.

11. All versions of user guides or manuals for the accused products.

12. Any patent application and materials in the file history that lists Mr. Reeves as an inventor.

13. Documents sufficient to show all shareholders of each Secure Crossing entity.

14. All financial statements from 2005 to 2011 for Secure Crossing.

15. Tax returns from 2005 to present from any Secure Crossing entity.

16. Agreements between or among Secure Crossing and Value Added Resellers (VARs), including but not limited to agreements with McNaughton and McKay Electric Company.

17. Agreements and communications between or among Secure Crossing and the National Security Administration (NSA), or any other entity of the federal Government, as described by Mr. Reeves during his deposition.

18. The flow chart regarding the industrial protocol filter as described by Mr. Reeves during his deposition, and the continuous communications with Mr. Buechler or members of his team.

19. All advertisements and marketing materials of the accused products.

20. All evidence of transactions relating to advertising of the accused products.

21. All documents concerning the retention of documents relating to this litigation, including any litigation hold memorandum.

The documents referenced fall within Rockwell's First Set of Request for Production of Documents and Things ("Document Request"), and should be produced pursuant to that request. If you are unwilling to produce any of the above documents, please let us know immediately.

CPAM: 4732622

CHADBOURNE
& PARKE LLP

-4-                                                                                              June 4, 2012

   In addition, please confirm that personal computers used by individuals within the control of Secure Crossing -- like Mr. Reeves' personal laptop -- have been searched for documents responsive to Rockwell's discovery requests.

   We are highly concerned about the preservation of documents in this action. In particular, we are unsure that appropriate measures have been taken to preserve documents. As you are well aware, the May 11, 2012 Case Management Order imposed an affirmative obligation on the parties to take steps to preserve relevant information. (Docket 22 § VII.C.1.b). At the deposition, Mr. Reeves testified that he had not received notification regarding the preservation of documents. This is especially troublesome given Mr. Reeves testimony that many of the individuals that worked on the accused products used personal computers or communications systems that are not be maintained by Secure Crossing. Steps need to be taken to preserve relevant information. Please confirm that all individuals that may have documents bearing on this litigation have been informed that they should not destroy any such documents.

   Secure Crossing's failure to provide its initial disclosures in a timely fashion -- which would identify the individuals who may have information regarding this litigation -- has prevented Rockwell from informing the individuals who are no longer employed by Secure Crossing that documents should be preserved. Rockwell reserves its right to pursue a spoliation claim should it be determined that information was destroyed.

            Very truly yours,

            /s/ Lisa Schapira

CPAM: 4732622

**From:** Arnie Weintraub [mailto:aweintraub@weintraubgroup.com]
**Sent:** Monday, June 04, 2012 10:53 AM
**To:** Balber, Scott
**Subject:** RE: Motion to Stay

We mailed the Rule 26 documents Friday. We are working diligently on the Production and Interrogs since it was my mistaken belief that that was stayed.

**From:** Balber, Scott [mailto:SBalber@chadbourne.com]
**Sent:** Monday, June 04, 2012 10:12 AM
**To:** Arnie Weintraub
**Subject:** RE: Motion to Stay

I will try.

Are you going to respond to our letter of May 30, 2012 and to produce the documents you said you would produce on Friday?

> **From:** Arnie Weintraub [mailto:aweintraub@weintraubgroup.com]
> **Sent:** Monday, June 04, 2012 10:07 AM
> **To:** Balber, Scott
> **Subject:** RE: Motion to Stay
>
> Is it possible to do it today?
>
> **From:** Balber, Scott [mailto:SBalber@chadbourne.com]
> **Sent:** Monday, June 04, 2012 10:01 AM
> **To:** Arnie Weintraub
> **Cc:** Tanck, Paul; Schapira, Lisa
> **Subject:** RE: Motion to Stay
>
> I will confer with my client and will get back to you.
>
>> **From:** Arnie Weintraub [mailto:aweintraub@weintraubgroup.com]
>> **Sent:** Monday, June 04, 2012 9:59 AM
>> **To:** Balber, Scott
>> **Subject:** Motion to Stay
>>
>> Scott: In accordance with our Local Rules, I am seeking your concurrence with our Motion to Stay pending ex parte re-examination of the '967 patent. Please advise.
>>
>> Arnie Weintraub

This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited. If you have received this e-mail in error, please notify me by replying to this message and permanently delete the original and any copy of this e-mail and any printout thereof.

For additional information about Chadbourne & Parke LLP and Chadbourne & Parke, a multinational partnership, including a list of attorneys, please see our website at http://www.chadbourne.com

This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited. If you have received this e-mail in error, please notify me by replying to this message and permanently delete the original and any copy of this e-mail and any printout thereof.

For additional information about Chadbourne & Parke LLP and Chadbourne & Parke, a multinational partnership, including a list of attorneys, please see our website at http://www.chadbourne.com

**From:** Schapira, Lisa [mailto:LSchapira@chadbourne.com]
**Sent:** Monday, June 11, 2012 1:30 PM
**To:** Arnie Weintraub
**Cc:** Tanck, Paul
**Subject:** Rockwell v. Secure Crossing: Outstanding Disclosures and Discovery

Arnie:

We have not received the technical documents you indicated were mailed to Scott Balber on June 1st. It should not take this long for the documents to reach us, even if they were sent by regular mail. As soon as possible, please send copies of those documents by email or overnight mail. On Friday, we also discussed other documents Secure Crossing has failed to provide. The Court ordered that the initial disclosures to be exchanged on May 25th. Rockwell's document and interrogatory requests, which were served on April 24th, were due on May 28th. These documents remain outstanding. On Friday you indicated that following a meeting with Secure Crossing today, you would have more information regarding when Secure Crossing intended to comply with the Court's Order to provide the initial disclosures, and Rockwell's discovery requests. Please provide a date certain for providing these materials. If Secure Crossing continues to disregard its discovery obligation, Rockwell will be forced to address the issue with the court.

On Friday, you indicated that everyone known to Secure Crossing who had information regarding the claims between Rockwell and Secure Crossing had been provided with notice to preserve documents, including documents that may reside on personal computers or email. Please confirm that all such individuals, including the team of consultants/engineers Mr. Reeves described at his deposition, have been informed of the need to preserve documents. Please provide us with copies of such notifications. As I mentioned before, Secure Crossing's failure to timely provide its initial disclosure has prevented Rockwell from informing the individuals identified in disclosure of the need not to preserve documents.

Thank you,
Lisa

**Lisa Schapira**
**Chadbourne & Parke LLP**
30 Rockefeller Plaza, New York, NY 10112
**tel** 212-408-5478 | **fax** 646-710-5478
lschapira@chadbourne.com | http://www.chadbourne.com
vCard: http://www.chadbourne.com/vcard/lschapira.vcf

Please consider the environment before printing this email.

This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited. If you have received this e-mail in error, please notify me by replying to this message and permanently delete the original and any copy of this e-mail and any printout thereof.

For additional information about Chadbourne & Parke LLP and Chadbourne & Parke, a multinational partnership, including a list of attorneys, please see our website at http://www.chadbourne.com

This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited. If you have received this e-mail in error, please notify me by replying to this message and permanently delete the original and any copy of this e-mail and any printout thereof.

For additional information about Chadbourne & Parke LLP and Chadbourne & Parke, a multinational partnership, including a list of attorneys, please see our website at http://www.chadbourne.com

| | |
|---|---|
| **From:** | Tanck, Paul |
| **Sent:** | Thursday, June 14, 2012 11:57 AM |
| **To:** | Arnie Weintraub |
| **Cc:** | Schapira, Lisa; Balber, Scott; Tanck, Paul |
| **Subject:** | RE: Secure Crossings Infringement contentions |

Arnie,

I did respond to your inquiry and explained that we need Secure Crossing's discovery regarding the Zenwall products. I note, again, that the documents we have received so far from Secure Crossing to date are a meager 600 pages, most of which are the reexamination materials. Please provide a date certain by which you will be producing the remaining documents requested as well as Secure Crossing's interrogatory responses. The reason why we are asking for the discovery is so that Rockwell can properly update its contentions, if necessary.

In any event, it is my understanding based on Mr. Reeves's deposition testimony that the overall functionality of the Zenwall 5 and 10 products was the same and that any differences of the other Zenwall products regarded number of ports, mounting capabilities and the ability to be immersed in water. In other words, Mr. Reeves did not state that the various Zenwall products had different functionalities that would affect any claims of infringement in this case. Thus, based on Mr. Reeve's testimony, Secure Crossing has taken the position that the overall functionality of the Zenwall products is the same. If Secure Crossing has a different position, please let us know so we can further evaluate.

I further note that Secure Crossing's responses to Rockwell's first set of interrogatories was due on May 28, which Secure Crossing has waived all objections to. Interrogatory No. 6 stated that if Secure Crossing contends that any of the Zenwall products does not infringe the claims, that they state in detail each and every basis for that contention. Thus if Secure Crossing believes that there are distinguishing features that cause certain versions of the Zenwall product to not infringe as opposed to other versions of the product, that information needs to be provided as part of that response. Secure Crossing's delinquency in providing this information further inhibits Rockwell's ability to update the infringement contentions.

We look forward to your prompt response as to the date certain by which Rockwell will receive Secure Crossings' documents and interrogatory responses. If you are unwilling to give a date, please let me know a time today you are available so that we can meet and confer on the issue before we bring our motion to compel discovery.

Finally, if you could please use the "reply to all" function when responding to emails, this will enable the other cc'd recipients to receive the communications that we have back in forth in this case. Thank you in advance for your cooperation.

Best.

Paul

**Paul J. Tanck**
**Chadbourne & Parke LLP**
30 Rockefeller Plaza, New York, NY 10112
**tel** 212-408-1116 | **fax** 212-541-5369
ptanck@chadbourne.com | http://www.chadbourne.com
vCard: http://www.chadbourne.com/vcard/ptanck.vcf

Please consider the environment before printing this email.

**From:** Arnie Weintraub [mailto:aweintraub@weintraubgroup.com]
**Sent:** Thursday, June 14, 2012 11:29 AM

**To:** Tanck, Paul
**Subject:** RE: Secure Crossings Infringement contentions

Paul: First, you did not respond to my inquiry. Second, one of your secretaries has the June 1 documents. As to the outstanding discovery, the requisite docs are being retrieved to the extent they exist. However, pleased address my email, otherwise I can only assume that you are refusing to re-state your infringement contentions.

Arnie

---

**From:** Tanck, Paul [mailto:PTanck@chadbourne.com]
**Sent:** Thursday, June 14, 2012 10:53 AM
**To:** Arnie Weintraub
**Cc:** Balber, Scott; Schapira, Lisa; Tanck, Paul
**Subject:** RE: Secure Crossings Infringement contentions

Hi Arnie,

Have you produced all of Secure Crossings documents regarding the various Zenwall products?  So far we have received a handful of documents, that total 600 pages, the majority of which are reexamination materials which are unrelated to the operation of the Zenwall products.

As you know we requested the Zenwall documents as part of Rockwell's first set of document requests, which Secure Crossings has waived all objections to.  These documents were due to be produced to Rockwell on May 28th. In addition there is a Court Order for Secure Crossing to produce the technical documents regarding the Zenwall products by June 1st.

Please confirm that Secure Crossing has produced all of its documents pursuant to Rockwell's First Set of Document Requests and pursuant to the Court's order.  Once we have the requested documents we will evaluate the infringement contentions as you requested.

Best regards,

Paul


**Paul J. Tanck**
**Chadbourne & Parke LLP**
30 Rockefeller Plaza, New York, NY 10112
**tel** 212-408-1116 | **fax** 212-541-5369
ptanck@chadbourne.com | http://www.chadbourne.com
vCard: http://www.chadbourne.com/vcard/ptanck.vcf


Please consider the environment before printing this email.

**From:** Arnie Weintraub [mailto:aweintraub@weintraubgroup.com]
**Sent:** Thursday, June 14, 2012 10:15 AM
**To:** Tanck, Paul
**Subject:** Secure Crossings Infringement contentions

Paul: in reviewing your infringement contentions you took the liberty of grouping the Zenwall products together as one. The models are different, as you know. Therefore, I am requesting that you revise your contentions and apply the claims as you deem fit to the individual models, i.e. identify which claims you believe the Zenwall -5 infringes, etc. Otherwise, I will be compelled to file a motion to seeking a more definite statement.

Arnie Weintraub

---

This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited. If you have received this e-mail in error, please notify me by replying to this message and permanently delete the original and any copy of this e-mail and any printout thereof.

For additional information about Chadbourne & Parke LLP and Chadbourne & Parke, a multinational partnership, including a list of attorneys, please see our website at http://www.chadbourne.com

| | |
|---|---|
| **From:** | Arnie Weintraub [aweintraub@weintraubgroup.com] |
| **Sent:** | Friday, June 15, 2012 11:39 AM |
| **To:** | Schapira, Lisa |
| **Subject:** | RE: Rockwell v. Secure Crossing: Outstanding Disclosures and Discovery |

We are doing our best. They are still accumulating documents.

**From:** Schapira, Lisa [mailto:LSchapira@chadbourne.com]
**Sent:** Friday, June 15, 2012 11:36 AM
**To:** Arnie Weintraub
**Cc:** Tanck, Paul
**Subject:** RE: Rockwell v. Secure Crossing: Outstanding Disclosures and Discovery

Arnie --

Regarding the documents identified during Mr. Reeves' deposition which were raised in my June 4, 2012 letter to you: except for the first two categories which are more specific to Mr. Reeves, the other documents identified fall within the scope of Rockwell's document request. Should you contend otherwise please let me know.

In your email from June 11, 2012, you indicated that Secure Crossing would finally be providing responses to the document and interrogatory requests served on Secure Crossing on April 24, 2012 this week. As it is the end of the week, can we expect or receive the responses today?

As you are well aware Secure Crossing, by failing to timely respond to Rockwell's discovery requests, has waived all objections. Given how delayed Secure Crossing's responses are, I am having a hard time believing that Secure Crossing sincerely intends to comply with its discovery obligations. If we do not receive full responses to these requests by Tuesday, we may choose to raise the issue with the Court.

Please let us know where we stand on this.

Thank you,
Lisa

**Lisa Schapira**
**Chadbourne & Parke LLP**
30 Rockefeller Plaza, New York, NY 10112
**tel** 212-408-5478 | **fax** 646-710-5478
lschapira@chadbourne.com | http://www.chadbourne.com
vCard: http://www.chadbourne.com/vcard/lschapira.vcf

Please consider the environment before printing this email.

**From:** Arnie Weintraub [mailto:aweintraub@weintraubgroup.com]
**Sent:** Monday, June 11, 2012 1:38 PM
**To:** Schapira, Lisa
**Subject:** RE: Rockwell v. Secure Crossing: Outstanding Disclosures and Discovery

I will look into the tracking numbers. We sent USPS. By the way, Scott indicated that you would serve, as I requested, a formal request for docs and information. To the extent not previously requested, we cannot honor your letter request. It is my understanding that all personnel have been apprised not to delete any company info from their computers, as I reported. The initial disclosures will be provided this week, as well as responses to your outstanding discovery requests.

Arnie Weintraub

# CHADBOURNE
# & PARKE LLP

30 Rockefeller Plaza, New York, NY 10112
tel 212-408-5100  fax 212-541-5369

Lisa Schapira
direct tel +1 212 408 5478
lschapira@chadbourne.com

June 22, 2012

*VIA EMAIL*

Arnold Weintraub
The Weintraub Group, PLC
28580 Orchard Lake Road, Suite 140
Farmington Hills, Michigan 48334

Re: *Rockwell Automation, Technologies Inc. v. Secure Crossing Research & Development, Inc.* (12-cv-10274-GCS-MKM)

Dear Mr. Weintraub,

Rockwell Automation Technologies, Inc. ("Rockwell") served Secure Crossing Research & Development Inc. ("Secure Crossing") with document and interrogatory requests on April 24, 2012. These responses were due on May 28, 2012. For close to a month, Secure Crossing has represented that these responses were forthcoming. It is now apparent that any promises to produce documents or interrogatory responses were hollow. In addition, the May 11 Case Management Order required Secure Crossing to produce core technical documents on June 1, 2012. Contrary to the Court's order, Secure Crossing did not produce source code, flow charts, and design specifications for the accused products.

Pursuant to the Local Rule 7.1, please provide a time on Monday, June 25, 2012 to discuss Rockwell's motion to compel discovery responses from Secure Crossing.

Very truly yours,

/s/ Lisa Schapira

CC: David Oppenhuizen