# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| ROCKWELL AUTOMATION TECHNOLOGIES, INC.,<br><br>*Plaintiff*,<br>v.<br><br>SECURE CROSSING RESEARCH & DEVELOPMENT INC.,<br><br>*Defendant*. | Case No. 2:12-cv-10274-GCS-MKM<br><br>Honorable George Caram Steeh<br><br>**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO STAY PROCEEDINGS** |

HONIGMAN MILLER SCHWARTZ AND COHN LLP
J. Michael Huget (P39150)
Deborah J. Swedlow (P67844)
130 South First Street 4th Floor
Ann Arbor, MI 48108
Phone: 734-418-4254
Fax: 734-418-4255
mhuget@honigman.com
bswedlow@honigman.com

CHADBOURNE & PARKE LLP
Paul J. Tanck
30 Rockefeller Plaza
New York, NY 10112
Phone: 212-408-5100
Fax: 212-541-5369
ptanck@chadbourne.com

Attorneys for Plaintiff Rockwell Automation Technologies, Inc.

THE WEINTRAUB GROUP, PLC
Arnold S. Weintraub (P22127)
David L. Oppenhuizen (P70219)
28580 Orchard Lake Road, Ste. 140
Farmington Hills, Michigan 48334
Phone: 248- 865-9430
Fax: 248-865-9436
aweintraub@weintraubgroup.com
doppenhuizen@weintraubgroup.com

Attorneys for Defendant Secure Crossing Research & Development, Inc.

Secure Crossing, respectfully submits this response to the opposition to the Motion to Stay filed by Rockwell Automation. It will be shown that Rockwell's memorandum is rife with error, misstatement and a misapplication of the law.

Accordingly, for the reasons advanced herein and those previously propounded, it is respectfully requested that the Motion to stay be granted.

## TABLE OF AUTHORITIES

Ebay v. MercExchange, LLC, 547 U.S. 388 (2006)                Pg. 3

**ARGUMENT**

Rockwell's initial contentions are wrong and purposefully misleading. Rockwell did not notify Secure Crossing of infringement of the 1967 Patent until 2011, not 2008. The Speroff email shows the right date – 2011 (Dkt. 39-2). Further, Rockwell fails summarily to indicate that since August, 2011, before the '967 Patent issued, Rockwell and Secure Crossing have been in discussions regarding acquisitions, licensing, etc, of Secure Crossing or its technology pursuant to a Non-Disclosure Agreement, initially proposed by Rockwell in August, 2011, as amended on October 26, 2011 (Ex. A).

The Affidavits of Messrs. Deziel, Lorente, and Oppenhuizen corroborate this. Again, Rockwell, misleads the Court when it fails to disclose this. (Exs. B – D).

On Page 4 of its memorandum, contrary to Rockwell's counsel's assertions during the June 21, 2012 Tutorial, Rockwell admits it has no product even remotely comparable to Secure Crossing's Zenwall products. Rockwell filed its first patent application leading to the '967 patent in 2005. Seven years later, Rockwell still does not have a product. Any reference by Rockwall to impact on alleged product development is nothing more than a smoke screen and a diversionary tactic. It is more than likely that Rockwell did not begin to "develop" its own product until it got a "behind-the-scenes" look at Secure Crossing and its Zenwall products pursuant to the Non-disclosure Agreements. After the "look", business negotiations stalled.

In its opposition Rockwell focuses on the re-examination contending that one reference had been previously cited. This does not dissuade from the fact that four (4) new pieces of prior art, never before considered by the Patent Office, are now being

5

asserted. against all 62 claims of the patent.  In fact, Rockwell has waived any right to object to the filing of the Request. Implicit in this waiver is Rockwell's acknowledgement that new issues regarding the patentability of the '967 patent have been raised by these new references. Therefore, Rockwell's contentions regarding infringement are speculative, at best, since the prior art cited in the Request for Re-examination quite possibly renders the '967 Patent invalid or, at a minimum, the claims will be so dramatically amended that their infringement cannot be found.

      Comment must be made regarding the opposition section at page 6 of Rockwell's memorandum regarding "dilatory motives".  If any party to this case has dilatory motives it is Rockwell.Rockwell, without having access to Secure Crossing's confidential and proprietary information, cannot make a comparable product.  While Rockwell points to the failure to produce and answer discovery, a review of that discovery shows that the discovery requests have absolutely nothing to do with patent infringement.  They are directed solely to garnering and having access to Secure Crossing's confidential and proprietary information, i.e.Secure Crossing's computer code, flowcharts, designs, etc.  As pointed out above, it has been seven (7) years since the filing of the patent application by Rockwell and yet there is no product that meets the terms of the patent.  It has even conceded that the patent is flawed (Exs. B and C).

      Rockwell castigates Secure Crossing for filing the Motion to Stay.  At the Scheduling Conference, the Court and Rockwell were advised that both the Request for Re-examination and the Motion to Stay would be forthcoming.  This attack is consistent

with the steamrolling that it has tried to apply to this case.  This attack continues on with the conclusion that discovery will be hard to get if the case is stayed.  Indeed, as noted above, the requested discovery to date has only been directed to the technical aspects of the Zenwall products and Secure Crossing's patent application which has absolutely nothing to do with case.  At the Reeve's deposition, not a single question was directed to any one of the 37 claims of the '967 Patent in issue or any element thereof – only attempts to invalidate any potential Secure Crossing Patent.

     As to any anticipated delay, this is clearly wrong. . It is expected that the granting of the Request for Re-examination is imminent.   The Patent Office official report projects the first Office Action to be mailed within two months thereafter. (See Dkt 32-2). Any delays after the first action on the merits (FAOM) will be solely due to Rockwell's action, possibly an appeal to the Board of Patent Appeals or the Court of Appeals for the Federal Circuit

     While Rockwell is correct that a stay is discretionary, it has no support that judicial resolution will be faster than Re-examination.  The reliance on the Texas Court is totally misleading.  The Marshal Division of the Eastern District of Texas "rocket docket" is essentially gone since Judge Ward's 2011 retirement.  This is why Rockwell has only cited a 2008 Texas case.

     As to the issuance of an Injunction, again, this is a red herring.  In <u>Ebay v. MercExchange, LLC</u>, 547 U.S. 388 (2006) the Supreme Court ruled that there is no absolute entitlement to an injunction without going through the requisite analysis.  Here, Rockwell doesn't even have a product which would be competitive with the Defendant.  Therefore, an injunction is highly unlikely at best.

If the Re-examination and the Stay are both granted, the issues will be simplified. At least some of the 37 claims at issue here will be eliminated, and arguably, those claims that remain will have been substantially amended in view of the prior art. Any conclusion to the contrary is totally speculative.

As with Rockwell, Secure Crossing would be amenable to the posting of a bond should the Court decide that a stay is in the best interest of the Court and the parties.

By granting the stay and letting the Patent Office determine the proper scope of the patent, it will be much more expeditious, the process already having been initiated. Thus, it is requested that this stay be granted.

Respectfully submitted,

Date: July 2, 2012

/s/Arnold S. Weintraub
Arnold S. Weintraub (P70219)
Attorney for Defendant
THE WEINTRAUB GROUP, P.L.C.
28580 Orchard Lake Road, Suite 140
Farmington Hills, MI   48334
Telephone:  248-865-9430
aweintraub@weintraubgroup.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on _____, 2012, I electronically filed DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO STAY PROCEEDINGS AND REQUEST TO PRECLUDE DISCOVERY with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

                                                                                  _____
Denise Sinnhuber
THE WEINTRAUB GROUP, P.L.C.
28580 Orchard Lake Road, Suite 140
Farmington Hills, Michigan  48334
(248) 865-9430 - Telephone
(248) 865-9436 - Facsimile
dsinnhuber@weinraubgroup.com