IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ROCKWELL AUTOMATION TECHNOLOGIES, INC., <br><br> *Plaintiff,* <br><br> v. <br><br> SECURE CROSSING RESEARCH AND DEVELOPMENT INC., <br><br> *Defendant.* | Case No.  2:12-cv-10274-GCS-MKM <br><br> Honorable George Caram Steeh <br><br> Referred to Honorable Mona K Majzoub <br><br> [Oral Argument Requested] |

**REPLY MEMORANDUM IN SUPPORT ROCKWELL AUTOMATION TECHNOLOGIES, INC'S MOTION TO COMPEL DISCOVERY**

**I.     INTRODUCTION**

Defendant Secure Crossing Research & Development Inc. ("Secure Crossing" or "Defendant") has not complied with its discovery obligations that were due on May 28, 2012. Only recently did Secure Crossing produce around 70 documents and provide answers to interrogatory requests, some of which were non-responsive.  It has been over three months since Rockwell Automation Technologies, Inc.'s ("Rockwell" or "Plaintiff") served Secure Crossing with its document and interrogatory requests, and as evidenced by meet and confer correspondence, Secure Crossing was aware that discovery was <u>not</u> stayed as early as June 4, 2012.  (See June 4, 2012 Email from A. Weintraub, Schapira Declaration In Support of Motion to Compel ("Schapira Decl.") (Docket 44), Exhibit C at 7.).  Secure Crossing's document production and interrogatory responses are inadequate to satisfy its discovery obligations.

1

Without an order from the Court compelling compliance, Secure Crossing will only continue to shirk it discovery obligations.

Rockwell respectfully requests an order compelling Secure Crossing, within seven (7) days of a ruling on this motion: (1) to produce all documents and information responsive to Rockwell's Requests for Production of Documents served on April 24, 2012 ("Document Requests"), without objection, including the totality of core technical documents relating to the Accused Products as ordered by the Court on May 11, 2012; (2) to fully describe its search methodology, including the identification of custodians searched, search terms applied to electronically stored information, and any criteria used to cull potentially responsive materials; and (3) to provide complete and responsive answers to Rockwell's Interrogatory Requests served on April 24, 2012 ("Interrogatory Requests"). In addition, Rockwell respectfully requests that the Court award Rockwell its expenses in bringing this motion and order other such relief, including sanctions, as justice requires.

## II.     ARGUMENT

### A.     Secure Crossing Has Not Produced All Responsive Documents

On July 19, 2012 Secure Crossing, after two months of delays, produced approximately 70 documents, and provided written objections to the Rockwell's Document Requests. (See Defendant's Responses to Document Requests, Second Declaration of Lisa Schapira ("Second Decl."), at Exhibit 1.) Almost all of the documents produced by Secure Crossing are available from public sources. In response to an email from Rockwell inquiring about deficiencies in the production and requesting information regarding steps taken to obtain responsive information, Secure Crossing did not provide the requested information and instead responded: "As you know discovery is ongoing, as responsive docs are found they will be produced." (See July 26, 2012 Email from A. Weintraub to L. Schapira, Second Decl., at Exhibit 2.) Irrespective of

Secure Crossing's search methodologies, even leaving aside the technical documents which are subject to Secure Crossing's "motion for protection", the 70 documents produced do not represent a "substantial" response to the outstanding discovery. (See Opposition to Motion to Compel (Docket 51) ("Opposition"), at 2.)

**B.  Secure Crossing Should Be Compelled To Produce Technical Documents Subject To An Appropriate Protective Order**

    **1.  Core Technical Documents Are Relevant**

Secure Crossing has not produced core technical documents responsive to Rockwell's discovery requests and the May 11, 2012 Case Management Order ("CMO"). Secure Crossing claims that this technical information is "totally irrelevant to instant claims of patent infringement." (See Opposition, at 3.) Secure Crossing further argues that if Rockwell conducted sufficient diligence to comply with Rule 11 before bringing this lawsuit, Rockwell would not need any additional technical documents or source code to prove infringement. (See id.) If this were the standard for relevance, no discovery of core technical information would be needed in any patent infringement lawsuit. Moreover, Secure Crossing has complained about the vagueness of Rockwell's Infringement Contentions. (See June 14, 2012 Email Exchange, Second Decl., Exhibit 3.) Rockwell responded to these objections by stating that it will update its contentions upon receiving more detail about the Accused Products. (See id.)

    **2.  Production of Core Technical Documents Should Be Compelled Independent from Secure Crossing's Motion for Protection**

Secure Crossing has brought a motion for protection regarding its technical documents. (See Docket 49.) Secure Crossing alleges, without factual basis, that if its technical information is provided to Rockwell's outside counsel, it will not remain secure. It is routine in patent infringement cases that highly sensitive information is produced to outside counsel under a protective order. Secure Crossing should be compelled to produce all technical documents

3

pursuant to the Court's May 11, 2012 CMO and Rockwell's discovery requests, subject to an appropriate protective order limiting access to Rockwell's outside counsel.  Rockwell understands that Secure Crossing is withholding these technical documents until its "motion for protection" is resolved.  Regardless of the terms under which the information is protected – which may be decided in the context of Secure Crossing's motion – with respect to the instant motion, Secure Crossing should be compelled to produced all responsive technical information; otherwise Secure Crossing will continue to contend that such information is not relevant.

**C.      Secure Crossing's Interrogatory Responses Are Inadequate**

On July 24, 2012, Secure Crossing provided its responses to Rockwell's Interrogatory Requests that were due on May 28, 2012. (See Defendant's Responses to Interrogatories, Second Decl., Exhibit 4.)  In particular, Secure Crossing's responses to Interrogatories 6 and 8 are vague or non-responsive.  Interrogatory 6 required Secure Crossing to identify the basis for its contention that the Accused Products do not infringe on the claims of the Patent-in Suit. (See Rockwell's Interrogatory Requests, Schapira Decl., at Exhibit B.)  Secure Crossing's response referred only to the request Secure Crossing made to the Patent and Trademark Office ("PTO") for the reexamination of Rockwell's patent. (See Defendant's Interrogatory Responses, Second Decl., at Exhibit 4.)  The re-examination request made to the PTO, however, does not address Secure Crossing's products.  Thus, the answer to Interrogatory 6 is non-responsive.  Secure Crossings' response to Interrogatory 8 is also incomplete.  Interrogatory 8 asks for detailed information regarding sales, including the gross profit margin for each product sold to each customer identified in another interrogatory. (See Interrogatory Requests, Schapira Decl., at Exhibit B.)  Secure Crossing only provides summary information that is not broken out by product or customer. (See Defendant's Interrogatory Responses, Second Decl., at Exhibit 4.)  In

addition, Secure Crossing only includes information as of January 2011.  Clearly, its response is incomplete.

The Court should compel Secure Crossing to provide full and complete responses to the Interrogatories 6 and 8

### III. CONCLUSION

For the foregoing reasons Rockwell respectfully requests that the Court grant the relief requested by Rockwell.

Dated:  July 30, 2012

Respectfully submitted,

/s/      Scott S. Balber

HONIGMAN MILLER SCHWARTZ AND COHN LLP
J. Michael Huget (P39150)
Deborah J. Swedlow (P67844)
130 S. First Street – 4th Floor
Ann Arbor, MI  48104-1386
Tel:     (734) 418.4268
Fax:     (734) 418.4269
Email:  mhuget@honigman.com
            bswedlow@honigman.com

CHADBOURNE & PARKE LLP
Scott S. Balber
Paul J. Tanck
Lisa Schapira
30 Rockefeller Plaza
New York, NY  10112
Tel.:    (212) 408-5100
Fax:     (212) 541-5369
Email:  sbalber@chadbourne.com
            ptanck@chadbourne.com
            lschapira@chadbourne.com

**ATTORNEYS FOR PLAINTIFF ROCKWELL AUTOMATION TECHNOLOGIES, INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of July, 2012 a copy of the foregoing was electronically filed with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys of record.

Dated:  July 30, 2012                     /s/     Lisa Schapira

Lisa Schapira
CHADBOURNE & PARKE LLP
30 Rockefeller Plaza
New York, NY  10112
Tel.:  (212) 408-5100
Fax:  (212) 541-5369
Email:  lschapira@chadbourne.com

**ATTORNEY FOR PLAINTIFF
ROCKWELL AUTOMATION TECHNOLOGIES, INC.**