**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

|  |  |
|---|---|
| ROCKWELL AUTOMATION TECHNOLOGIES, INC., *Plaintiff,* v. SECURE CROSSING RESEARCH AND DEVELOPMENT INC., *Defendant.* | Case No.  2:12-cv-10274-GCS-MKM Honorable George Caram Steeh Referred to Honorable Mona K Majzoub [Oral Argument Requested] |

**JOINT STATEMENT REGARDING ROCKWELL AUTOMATION TECHNOLOGIES, INC'S MOTION TO COMPEL DISCOVERY (DOCKET 43)**

Plaintiff Rockwell Automation Technologies, Inc.'s ("Rockwell" or "Plaintiff") and

Defendant Secure Crossing Research & Development Inc. ("Secure Crossing" or "Defendant")

hereby submit this statement regarding Rockwell's Motion to Compel Discovery from Secure

Crossing (Docket 43).

**I.      JOINT STATEMENT OF UNDISPUTED FACTS**

This is a patent infringement case in which Rockwell claims that certain products made

by Secure Crossing infringe upon U.S. Patent No. 7,990,967 (the '967 patent).  On April 24,

2012, Rockwell served Secure Crossing with its First Set of Requests for Production of

Documents and Things ("Document Requests") and its First Set of Interrogatories

("Interrogatory Requests") pursuant to Federal Rules of Civil Procedure 33 and 34.  (See

Document Requests, Exhibit A; Interrogatory Requests, Exhibit B.)  Rockwell asserts that

Secure Crossing's responses to these discovery requests were due pursuant to the FRCP, on May

1

28, 2012.  Secure Crossing disputes Rockwell's assertion that the responses were due on May 28.

2012.  On May 11, 2012 a Scheduling Conference was held before Judge Steeh and a Case

Management Order "CMO" was issued. (CMO, Exhibit F.)  The CMO scheduled a tutorial for

June 21, 2012.

On June 26, 2012 Rockwell filed a motion to compel discovery from Secure Crossing.

(See Docket 43.)  On July 19, 2012 Secure Crossing served its response to Rockwell's Document

Requests. (See Defendant's Responses to Document Requests, Exhibit C.)  Secure Crossing has

sought additional protection from the Court in connection with disclosure of highly proprietary

technical documents, that Motion remains pending.  (See Docket 50.)  There is an initial

Protective Order that was approved by the Court on May 31, 2012.  (See Protective Order,

Docket 30, Exhibit E.)  However, Secure Crossing believes it is inadequate for reasons stated in

that Motion.  (Docket. 50.)

On July 24, 2012, Secure Crossing provided responses to Rockwell's Interrogatory

Requests.  (See Defendant's Responses to Interrogatories, Exhibit D.)

## II.   ROCKWELL'S SEPARATE STATEMENT REGARDING OUTSTANDING DISCOVERY

It has been three months since Rockwell served its Document and Interrogatory Requests,

and it has taken a motion to compel to get Secure Crossing to produce its limited response to

these requests.  Secure Crossing has recently produced approximately 70 documents, most of

which are publically available.  Rockwell has inquired about Secure Crossing's search

methodologies but has not received a response.  Secure Crossing continues to withhold core

technical documents regarding the product that are alleged to infringe on Rockwell's patent.  In

addition, Secure Crossing's responses to Interrogatories 6 and 8 were non-responsive.  Secure

Crossing's document production and interrogatory responses are inadequate to satisfy its

discovery obligations.  Rockwell contends that without an order from the Court compelling compliance, Secure Crossing will only continue to shirk it discovery obligations.

**A.      Secure Crossing Has Not Produced All Responsive Documents**

On July 19, 2012 Secure Crossing, after two months of delays, produced approximately 70 documents.  Almost all of the documents produced by Secure Crossing are available from public sources.  In response to an email from Rockwell inquiring about deficiencies in the production and requesting information regarding steps taken to obtain responsive information, Secure Crossing did not provide the requested information and instead responded:  "As you know discovery is ongoing, as responsive docs are found they will be produced."  (See July 26, 2012 Email from A. Weintraub to L. Schapira, Second Decl. filed in support of Reply (Docket 56) , at Exhibit 2.)  Irrespective of Secure Crossing's search methodologies, even leaving aside the technical documents which are subject to Secure Crossing's "motion for protection", the 70 documents produced do not represent a "substantial" response to the outstanding discovery.  (See Opposition to Motion to Compel (Docket 51) ("Opposition"), at 2.)

**B.      Secure Crossing Should Be Compelled To Produce Technical Documents Subject To An Appropriate Protective Order**

**1.      Core Technical Documents Are Relevant**

Secure Crossing has not produced core technical documents responsive to Rockwell's discovery requests and the May 11, 2012 CMO,  Secure Crossing claims that this technical information is "totally irrelevant to instant claims of patent infringement."  (See Opposition, at 3.)  Secure Crossing further argues that if Rockwell conducted sufficient diligence to comply with Rule 11 before bringing this lawsuit, Rockwell would not need any additional technical documents or source code to prove infringement.  (See id.)  If this were the standard for relevance, no discovery of core technical information would be needed in any patent

infringement lawsuit.  Moreover, Secure Crossing has complained about the vagueness of

Rockwell's Infringement Contentions.  (See June 14, 2012 Email Exchange, Second Decl.

(Docket 56),  Exhibit 3.)  Rockwell responded to these objections by stating that it will update its

contentions upon receiving more detail about the Accused Products.  (See  id.)

2.      **Production of Core Technical Documents Should Be Compelled Independent from Secure Crossing's Motion for Protection**

Secure Crossing has brought a motion for protection regarding its technical documents.

(See Docket 50.)  Secure Crossing alleges, without factual basis, that if its technical information

is provided to Rockwell's outside counsel, it will not remain secure.  It is routine in patent

infringement cases that highly sensitive information is produced to outside counsel under a

protective order.  Secure Crossing should be compelled to produce all technical documents

pursuant to the Court's May 11, 2012 CMO and Rockwell's discovery requests, subject to an

appropriate protective order limiting access to Rockwell's outside counsel.  A Protective Order

already is in effect for this action.  (Docket 30,  Exhibit E.)  When Secure Crossing agreed to the

terms of this Protective order on May 30, 2012, Secure Crossing was well aware that it would be

required to produce core technical documents regarding the Accused Products.  Rockwell,

however,  is willing to amend the Protective Order to create a third level of confidentiality

designations -- "Outside Attorneys' Eyes Only."  This designation would carry the same terms

and conditions as the  "Attorneys Eyes Only" designation, except that Rockwell's designated in-

house counsel would be excluded from the categories of persons who may review documents and

things designated as "Outside Attorneys' Eyes Only").

Rockwell understands that Secure Crossing is withholding these technical documents

until its "motion for protection" is resolved.  Regardless of the terms under which the

information is protected – which may be decided in the context of Secure Crossing's motion –

with respect to the instant motion, Secure Crossing should be compelled to produce all responsive technical information.  Otherwise, Secure Crossing will continue to contend that such information is not relevant.

**C.     Secure Crossing's Interrogatory Responses Are Inadequate**

On July 24, 2012, Secure Crossing provided its responses to Rockwell's Interrogatory Requests that were due on May 28, 2012.  (<u>See</u> Defendant's Responses to Interrogatories, Exhibit D.)  In particular, Secure Crossing's responses to Interrogatories 6 and 8 are vague or non-responsive.  Interrogatory 6 required Secure Crossing to identify the basis for its contention that the Accused Products do not infringe on the claims of the Patent-in-Suit.  (<u>See</u> Interrogatory Requests, at Exhibit B.)  Secure Crossing's response referred only to the request Secure Crossing made to the Patent and Trademark Office ("PTO") for the reexamination of Rockwell's patent. (<u>See</u> Defendant's Interrogatory Responses, Exhibit D.)  The re-examination request made to the PTO, however, does not address Secure Crossing's products.  Thus, the answer to Interrogatory 6 is non-responsive.  Secure Crossings' response to Interrogatory 8 is also incomplete. Interrogatory 8 asks for detailed information regarding sales, including the gross profit margin for each product sold to each customer identified in another interrogatory.  (<u>See</u> Interrogatory Requests,  Exhibit B.)  Secure Crossing only provides summary information that is not broken out by product or customer.  (<u>See</u> Defendant's Interrogatory Responses, Exhibit D.)  In addition, Secure Crossing only includes information as of January 2011.  (<u>Id.</u>) Clearly, its response is incomplete.  The Court should compel Secure Crossing to provide full and complete responses to the Interrogatories 6 and 8.

**D.     Relief Requested by Rockwell**

For the foregoing reasons, Rockwell respectfully requests an order compelling Secure Crossing, within seven (7) days of a ruling on this motion:  (1) to produce <u>all</u> documents and

information responsive to Rockwell's Document Requests, without objection, including the totality of core technical documents relating to the Accused Products as ordered by the Court on May 11, 2012; (2) to fully describe its search methodology, including the identification of custodians searched, search terms applied to electronically stored information, and any criteria used to cull potentially responsive materials; and (3) to provide complete and responsive answers to Rockwell's Interrogatory Requests.  In addition, Rockwell respectfully requests that the Court award Rockwell its expenses in bringing this motion and order other such relief, including sanctions, as justice requires.

## III.   DEFENDANT SECURE CROSSING'S SEPARATE STATEMENT

The document into which this is to be incorporated is the joint statement of unresolved issues, not a joint statement regarding Rockwell Automation Technologies' Motion to Compel Discovery.  In any event, key to this issue is whether or not Secure Crossing should be excused from its alleged late service of discovery responses.  The Affidavit of the undersigned, having previously been submitted to the Court, (Dkt. 52) acknowledges error.  However, to the extent there is error, it is respectfully contended that it was inadvertent and innocent.  The Case Management Order did not provide for any discovery cutoff and, in fact, as that Affidavit asserts, it was honestly believed that the Court had abeyed all facets of the case, except for the two-day deposition of Randall Reeves, pending the Tutorial.  Obviously, this was not the case when Judge Steeh, on that date, indicated that discovery was to proceed.  Shortly thereafter, discovery was provided.

Plaintiff's contention that only 70 documents were produced is only part of the picture.  There were over 1000 pages that were produced.  The fact that these could be sorted into 70

documents does not detain from the fact that over 1000 pieces of paper were produced, in addition to the documents previously produced by Secure Crossing pursuant to the CMO.

As to the technical documents, there is a pending Motion for a Supplemental Protective Order based upon the Affidavits of Messers Oppenhuizen, Lorente, and Deziel.

It should also be brought to the attention of the Court at this point, that Plaintiff has made abundantly clear its intention to get its hands on Secure Crossing's technical information and utilize that information to finally produce a Rockwell product.  In light of the fact that Plaintiff Rockwell has finally admitted that it does <u>not</u> have any product utilizing the '967 patent, and has previously attempted to bully Secure Crossing into selling its technology to Plaintiff (albeit unsuccessfully), it is of grave importance to protect Secure Crossing from disclosure of its highly technical documents to Plaintiff.  As to Interrogatory Nos. 6 and 8, based on conversations with the USPTO, as of today it was indicated that an "office action" would be issued by the end of August.  The import of this is that the USPTO has determined that at least some of the claims are no longer deemed patentable.  Thus, Rockwell may not be entitled to *any* Secure Crossing information, at all.

\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\

7

Respectfully Submitted,

Dated:  August 3, 2012

___/s/ Paul J. Tanck_____          _____/s/ Arnold Weintraub_____

Michael Huget (P39159)                        Arnold Weintraub (P22127)
Deborah J. Swedlow (P67844)                   David L. Oppenhuizen (P70219)
Honigman Miller Schwartz & Cohen LLP          The Weintraub Group, PLC
130 South First Street 4th Floor              24901 Northwestern Highway, Ste. 311
Ann Arbor, MI 48108                           Southfield, Michigan 48075
Tel.: (734) 418-4254                          Tel.: (248) 809-2005
Fax: (734) 418-4255                           Fax:  (248) 966-8405
Email: mhuget@honigman.com                    Email:  aweintraub@weintraubgroup.com
       bswedlow@honigman.com                          doppenhuizen@weintraubgroup.com

Scott S. Balber                               COUNSEL FOR DEFENDANT
Paul J. Tanck                                 SECURE CROSSING RESEARCH &
Lisa Schapira                                 DEVELOPMENT, INC.
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY  10112
Tel.:  (212) 408-5100
Fax:  (212) 230-8888
Email: sbalber@chadbourne.com
       ptanck@chadbourne.com
       lschapira@chadbounre.com

COUNSEL FOR PLAINTIFF
ROCKWELL AUTOMATION
TECHNOLOGIES, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of August, 2012 a copy of the foregoing was electronically filed with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys of record.

Dated:  August 3, 2012                        ____/s/ Lisa Schapira_____  _____

                                               Lisa Schapira
                                               CHADBOURNE & PARKE LLP
                                               30 Rockefeller Plaza
                                               New York, NY  10112
                                               Tel.:  (212) 408-5100
                                               Fax:  (212) 541-5369
                                               Email:  lschapira@chadbourne.com

                                               **ATTORNEY FOR PLAINTIFF**
                                               **ROCKWELL AUTOMATION TECHNOLOGIES, INC.**