# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ROCKWELL AUTOMATION TECHNOLOGIES, INC., <br> *Plaintiff,* <br> v. <br> SECURE CROSSING RESEARCH AND DEVELOPMENT INC., <br> *Defendant.* | Case No. 2:12-cv-10274-GCS-MKM <br><br> Honorable George Caram Steeh |

**PLAINTIFF'S FIRST SET OF**
**REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the definitions and instructions that follow, plaintiff Rockwell Automation Technologies, Inc. ("Rockwell") requests that defendant Secure Crossing Research and Development Inc. ("Secure Crossing") produce the documents and things sought below that are in Defendant's possession, custody, or control within thirty (30) days of service hereof.

### DEFINITIONS

**General**

1. "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents and things" in Fed. R. Civ. P. 34, including e-mail, electronic documents and files, and all forms of electronically-stored information ("ESI"). A draft or non-identical copy or copy with marginalia of any kind is a separate document within the meaning of this term.

2. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

3.  "Person" means any natural person, corporation, firm, company, sole proprietorship, partnership, joint venture, association, institute, or any other business, legal, or governmental entity.

**Parties**

4.  "Rockwell" and "Plaintiff" mean Rockwell Automation Technologies, Inc. as well as its affiliates, directors, officers, employees, agents, contractors, subcontractors, programmers, distributors, salespersons, and sales representatives.

5.  "Secure Crossing" and "Defendant" mean Secure Crossing Research as well as each of its affiliates, directors, officers, employees, agents, contractors, subcontractors, programmers, distributors, salespersons, and sales representatives.

**Additional Terms**

6.  "Accused Instrumentalities" mean any of the products (hardware and software) consisting of or associated with the product and/or system marketed and/or sold by Defendant as "Zenwall-5," "Zenwall-10," Zenwall-2500," Zenwall-3500," and "Zenwall-4500".

7.  "Patent-In-Suit" mean United States Patent No. 7,990,967.

8.  "Prior Art" includes by way of example and without limitation the subject matter described in 35 U.S.C. § 103 and each subdivision of 35 U.S.C. § 102, including, but not limited to, patents, printed publications, prototypes, know-how, uses, sales, and offers for sale and/or any other information alleged by anyone to constitute prior art to the Patent-In-Suit.

### INSTRUCTIONS

1.  <u>Rules of Construction</u>.  The following rules of construction should be applied to these requests:

    (a)  <u>All/Each</u>.  The term "all" and "each" shall be construed as all and each.

(b) <u>Any</u>. The term "any" means one or more.

(c) <u>And/Or</u>. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this discovery request all responses that might otherwise be construed to be outside of its scope.

(d) <u>Concerning</u>. The term "concerning" means discussing, describing, relating to, pertaining to, referring to, containing, analyzing, studying, reporting on, commenting on, evidencing, setting forth, considering, recommending or constituting, in whole or in part.

(e) <u>Date</u>. The term "date" means the exact month, day, and year if known or reasonably ascertainable, or if not known or reasonably ascertainable, the best approximation of the exact month, day, and year. Where Defendant cannot ascertain an exact date, Defendant's answer(s) shall indicate that an approximation has been made.

(f) <u>Describe/State</u>. The terms "describe" and "state" mean to set forth fully and unambiguously every fact relevant to the subject of the interrogatory, of which Defendant (including its agents and representatives) has knowledge or information.

(e) <u>Including / E.g</u>. The terms "including" and "e.g." shall be construed to mean including but not limited to.

(f) <u>Number</u>. The use of the singular form of any word includes the plural and vice versa.

(g) <u>Gender</u>. The masculine form of a noun or pronoun includes the feminine form and vice versa.

(h) <u>Parties/Persons</u>. A party's or a person's full or abbreviated name or any pronoun referring to that party or person means that party or person (and any and all of them in the case of plural parties or persons), and any and all subsidiaries, affiliates, parents, predecessors, or successors, any or all divisions thereof, and any and all individuals, present and former officers, directors, representatives, agents, employees, general partners, attorneys, independent consultants or experts, investment bankers, or other persons acting or purporting to act on behalf of it or them, or which acted or purported to act on behalf of it or them.

2. <u>Production of Documents</u>. In producing documents responsive to these requests, Defendant shall do so in accordance with the requirements of Fed. R. Civ. P. 34(b)(2)(E) and shall furnish all documents within its possession, custody, or control, regardless of whether these

3

documents are possessed directly by Defendant or by its present or past agents, employees, representatives, investigators, or attorneys.

    3.    <u>Identification</u>.

        (a)    <u>With Respect to Persons</u>. When referring to a person, a request to "identify" means to give, to the extent known:

            (i)    the person's full name;

            (ii)    the person's present or last known address and telephone number (residence address in the case of a natural person); and

            (iii)    when referring to a natural person, additionally, the person's present or last known place of employment, the address and telephone number thereof, and his title or position there.

Once a person has been identified in accordance with this instruction, only the name of that person need be listed subsequently in response to any instruction which calls for the identification of that person.

        (b)    <u>With Respect to Documents</u>. When referring to documents, a request to "identify" means to give, to the extent known:

            (i)    the type of document;

            (ii)    the date of the document;

            (iii)    the author(s) of the document;

            (iv)    the addressee(s) and recipient(s) of the document;

            (v)    the document's general subject matter; and

            (vi)    the document's production number.

    4.    <u>Objections</u>. Where an objection is made to any request or portion thereof, the objection shall state with specificity all grounds. No part of any request shall be left unanswered because an objection is made to any other part thereof.

    5.    <u>Privilege</u>. Where a claim of privilege (which term, as used herein, includes claims that material is protected from discovery under the attorney work-product doctrine or as

trial preparation material) is asserted in objecting to any request or portion thereof, and documents are withheld from production on the basis of such assertion:

    (a)    <u>Specification of Privilege Claimed</u>. The objection to the request or portion thereof shall identify the nature of the privilege which is being claimed.

    (b)    <u>Privilege List</u>. The following information respecting a document that allegedly is privileged shall be provided in the objection, or in an accompanying schedule, unless divulgence of such information would cause disclosure of the allegedly privileged information:

        (i)    identify the allegedly privileged document;

        (ii)    where not apparent, state the relationship of the document's author(s) and its addressee(s)/recipient(s) to each other; and

        (iii)    provide such other information as is necessary and sufficient to identify the document for a subpoena duces tecum, to enable other parties to assess the applicability of the privilege being claimed, and/or to comply with the requirements of Fed. R. Civ. P. 26(b)(5)(A).

    (c)    <u>Labeling of Redactions</u>. Any portion of any document produced in redacted form (whether for privilege or any other reason) shall be clearly labeled as "redacted", and not simply produced as blank space.

6.    <u>No Limitations</u>. No document request or part thereof shall be construed as a limitation on any other document request or part thereof.

7.    <u>Continuing Nature of Document Requests</u>. These document requests are continuing. Defendant shall provide, by way of supplementary responses, any additional information, most notably that specified under Rule 26(e) of the Federal Rules of Civil Procedure, that may hereinafter be obtained by Defendant or any person acting on Defendant's behalf, which will augment or otherwise modify Defendant's responses.

## DOCUMENTS REQUESTED

**Request No. 1:**

All documents concerning, tending to support, or tending to refute the validity or invalidity of any claim of the Patent-In-Suit including publications, Prior Art, Prior Art searches, opinions of counsel, offers for sale, sales, or public uses of, or related to, the subject matter claimed in the Patent-In-Suit.

**Response:**


**Request No. 2:**

All documents concerning, tending to support, or tending to refute the infringement or non-infringement of any claim of the Patent-In-Suit.

**Response:**


**Request No. 3:**

All documents concerning, tending to support, or tending to refute the enforceability or unenforceability of the Patent-In-Suit.

**Response:**


**Request No. 4:**

All documents concerning the Patent-In-Suit.

**Response:**


**Request No. 5:**

All documents concerning or consisting of extrinsic evidence upon which Defendant will rely to interpret any of the claims of the Patent-In-Suit.

**Response:**


**Request No. 6:**

All Prior Art that Defendant contends supports an assertion that any claim of the Patent-In-Suit is invalid.

**Response:**


**Request No. 7:**

All documents concerning "secondary considerations" (e.g., commercial success, licenses, respect or recognition by others, awards, copying, failed attempts by others, long-felt need, unexpected results) related to the issue of obviousness or nonobviousness of the subject matter claimed in the Patent-In-Suit under 35 U.S.C. § 103.

**Response:**


**Request No. 8:**

All documents concerning the conception, design, research, development, testing and/or programming of the Accused Instrumentalities or any other products identified in response to Interrogatory No. 1, including sketches, prints, images, electronic information, written disclosures, test data, notebooks, minutes, reports or the like.

**Response:**

**Request No. 9:**

All documents concerning any study, analysis, reverse engineering, and/or copying of Plaintiff's products or the subject matter claimed in the Patent-In-Suit.

**Response:**

**Request No. 10:**

All documents concerning all design proposals and design alternatives considered or known by Defendant for the Accused Instrumentalities or any other products identified in response to Interrogatory No. 1.

**Response:**

**Request No. 11:**

If Defendant contends that the Accused Instrumentalities or any other products identified in response to Interrogatory No. 1 are a result of efforts to design around the Patent-In-Suit, all documents concerning such design around program or efforts.

**Response:**

**Request No. 12:**

All user manuals, technical specifications, and/or design documentation concerning the Accused Instrumentalities or any other products identified in response to Interrogatory No. 1.

**Response:**

**Request No. 13:**

Documents related to the structure, function, and operation of the Accused Instrumentalities or any other products identified in response to Interrogatory No. 1.

**Response:**


**Request No. 14:**

All documents concerning the marketing of the Accused Instrumentalities or any other products identified in response to Interrogatory No. 1.

**Response:**


**Request No. 15:**

Documents sufficient to show all sales of the Accused Instrumentalities or any other products identified in response to Interrogatory No. 1.

**Response:**


**Request No. 16:**

Documents sufficient to show Defendant's revenues obtained from sales of the Accused Instrumentalities or any other products identified in response to Interrogatory No. 1.

**Response:**


**Request No. 17:**

Documents sufficient to show the costs and expenses associated with sales of the Accused Instrumentalities or any other products identified in response to Interrogatory No. 1.

**Response:**

**Request No. 18:**

Documents sufficient to show the profit, whether described as gross, marginal, net, or any other term, earned by Defendant on sales of the Accused Instrumentalities or any other products identified in response to Interrogatory No. 1.

**Response:**

**Request No. 19:**

Documents summarizing the sales and/or profitability of the Accused Instrumentalities or any other products identified in response to Interrogatory No. 1.

**Response:**

**Request No. 20:**

All documents concerning cost or pricing analyses or comparisons, made by or for Defendant, between the Accused Instrumentalities or any other products identified in response to Interrogatory No. 1 and any other products.

**Response:**

**Request No. 21:**

All documents concerning comparisons between the Accused Instrumentalities or any other products identified in response to Interrogatory No. 1 and any competitor products.

**Response:**


**Request No. 22:**

Documents sufficient to describe the structure, function, and operation of all products that Defendant that Defendant has made, used, offered for sale, or sold in the United States that contain structures, functionality, or modes of operation that are the same as or similar to the Accused Instrumentalities or any other products identified in response to Interrogatory No. 1.

**Response:**


**Request No. 23:**

All documents concerning licenses to which Defendant is a party for technology in the field of the Patent-In-Suit or the Accused Instrumentalities.

**Response:**


**Request No. 24:**

All documents concerning Defendant's patent program policy or policies, any incentives to employees for participating in Defendant's patent program, or any patent applications filed by Defendant seeking to protect any features of the Accused Instrumentalities.

**Response:**


**Request No. 35:**

All documents concerning the circumstances of Defendant's first awareness of the Patent-In-Suit.

**Response:**

**Request No. 26:**

All documents concerning any notice, warning, or charge of infringement received by Defendant in relation to the Accused Instrumentalities or any other products identified in response to Interrogatory No. 1.

**Response:**

**Request No. 27:**

All press releases issued by Defendant concerning the Accused Instrumentalities or any other products identified in response to Interrogatory No. 1.

**Response:**

**Request No. 28:**

All documents concerning any communications between or among Defendant, its agents, or anyone else, including third parties, concerning the Patent-In- Suit, this lawsuit, or the Accused Intsrumentalities or any other products identified in response to Interrogatory No. 1.

**Response:**

**Request No. 29:**

Documents sufficient to show the organizational structure of Defendant.

**Response:**

**Request No. 30:**

All documents concerning any information that supports or refutes, or tends to support or refute, any of the allegations in any pleadings filed in this lawsuit.

**Response:**


**Request No. 31:**

To the extent not covered elsewhere in these requests, all opinions of counsel or studies performed by or for counsel concerning the Accused Instrumentalities or any other products identified in response to Interrogatory No. 1 and the Patent-In-Suit.

**Response:**


**Request No. 32:**

All documents identified in response to any interrogatory served by Plaintiff in this action or otherwise relied on as a source of responsive information to any interrogatory served by Plaintiff in this action.

**Response:**


**Request No. 33:**

All documents concerning the conception, design, manufacture, testing, use, and functionality of the products identified in response to Interrogatory No. 1.

**Response:**


**Request No. 34:**

All documents concerning Defendant's document destruction or retention policies.

**Response:**

**Request No. 35:**

A representative sample of each of the Accused Instrumentalities and any other products identified in response to Interrogatory No. 1.

**Response:**

**Request No. 36:**

All computer source code used in, used with, or installed on the Accused Instrumentalities or any other products identified in response to Interrogatory No. 1.

**Response:**

**Request No. 37:**

All documents related to the programming of the Accused Instrumentalities or any other products identified in response to Interrogatory No. 1.

**Response:**

**Request No. 38:**

All documents concerning communications with third parties regarding the conception, design, or development of the Accused Instrumentalities or any other products identified in response to Interrogatory No. 1.

**Response:**


Dated: April 24, 2012

/s/     Paul Tanck

J. Michael Huget (P39150)
Deborah J. Swedlow (P67844)
HONIGMAN MILLER SCHWARTZ AND COHN LLP
130 S. First Street – 4th Floor
Ann Arbor, MI  48104-1386
Tel:     734.418.4268
Fax:    734.418.4269
Email: mhuget@honigman.com
          bswedlow@honigman.com

OF COUNSEL:

Scott S. Balber
Paul J. Tanck
  (admission pending status)
CHADBOURNE & PARKE LLP
30 Rockefeller Plaza
New York, NY  10112
Tel.:    (212) 408-5100
Fax:    (212) 541-5369
Email: sbalber@chadbourne.com
          ptanck@chadbourne.com

COUNSEL FOR PLAINTIFF ROCKWELL AUTOMATION TECHNOLOGIES, INC.

CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of April, 2012 a copy of this document is being served by FedEx and by electronic mail to Defendant's counsel at the following address:

Richard A. Gaffin (P31406)
MILLER, CANFIELD, PADDOCK, AND STONE, P.L.C.
1200 Campus Square Plaza
99 Monroe Avenue, N.W.
Grand Rapids, MI 49503
Tel:    (616) 454-8656
Email: gaffin@millercanfield.com

Arnold S. Weintraub (P22127)
The Weintraub Group
32000 Northwestern Hwy., Suite 240
Farmington Hills, MI 48334
Tel:    (248) 865-9430
Email: awintraub@weintraubgroup.com

COUNSEL FOR DEFENDANT
SECURE CROSSING RESEARCH & DEVELOPMENT, INC.

Dated: April 24, 2012                    /s/    Paul Tanck

                                         Paul Tanck
                                         CHADBOURNE & PARKE LLP
                                         30 Rockefeller Plaza
                                         New York, NY 10112
                                         Tel.: (212) 408-5100
                                         Fax: (212) 541-5369
                                         Email: PTanck@chadbourne.com

                                         ATTORNEY FOR PLAINTIFF
                                         ROCKWELL AUTOMATION TECHNOLOGIES, INC.