# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ROCKWELL AUTOMATION TECHNOLOGIES, INC., *Plaintiff,* v. SECURE CROSSING RESEARCH AND DEVELOPMENT INC., *Defendant.* | Case No. 2:12-cv-10274-GCS-MKM  Honorable George Caram Steeh |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the definitions and instructions that follow, plaintiff Rockwell Automation Technologies, Inc. ("Rockwell") directs the following interrogatories to defendant Secure Crossing Research and Development Inc. ("Secure Crossing") to be answered separately, fully, and under oath within thirty (30) days of service hereof.

### DEFINITIONS

**General**

1. "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents and things" in Fed. R. Civ. P. 34, including e-mail, electronic documents and files, and all forms of electronically-stored information ("ESI"). A draft or non-identical copy or copy with marginalia of any kind is a separate document within the meaning of this term.

2. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

3. "Person" means any natural person, corporation, firm, company, sole proprietorship, partnership, joint venture, association, institute, or any other business, legal, or governmental entity.

**Parties**

4. "Rockwell" and "Plaintiff" means Rockwell Automation Technologies, Inc.. as well as its affiliates, directors, officers, employees, agents, contractors, subcontractors, programmers, distributors, salespersons, and sales representatives.

5. "Secure Crossing" and "Defendant" mean Secure Crossing Research and Development Inc. as well as each of its affiliates directors, officers, employees, agents, contractors, subcontractors, programmers, distributors, salespersons, and sales representatives.

**Additional Terms**

6. "Accused Instrumentalities" mean any of the products (hardware and software) consisting of or associated with the product and/or system marketed and/or sold by Defendant as "Zenwall-5," "Zenwall-10," Zenwall-2500," Zenwall-3500," and "Zenwall-4500".

7. "Patent-In-Suit" mean United States Patent No. 7,990,967.

8. "Prior Art" includes by way of example and without limitation the subject matter described in 35 U.S.C. § 103 and each subdivision of 35 U.S.C. § 102, including, but not limited to, patents, printed publications, prototypes, know-how, uses, sales, and offers for sale and/or any other information alleged by anyone to constitute prior art to the Patent-In-Suit.

### INSTRUCTIONS

1. <u>Rules of Construction</u>. The following rules of construction should be applied to these requests:

    (a)    <u>All/Each</u>. The term "all" and "each" shall be construed as all and each.

(b) <u>Any</u>. The term "any" means one or more.

(c) <u>And/Or</u>. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this discovery request all responses that might otherwise be construed to be outside of its scope.

(d) <u>Concerning</u>. The term "concerning" means discussing, describing, relating to, pertaining to, referring to, containing, analyzing, studying, reporting on, commenting on, evidencing, setting forth, considering, recommending or constituting, in whole or in part.

(e) <u>Date</u>. The term "date" means the exact month, day, and year if known or reasonably ascertainable, or if not known or reasonably ascertainable, the best approximation of the exact month, day, and year. Where Defendant cannot ascertain an exact date, Defendant's answer(s) shall indicate that an approximation has been made.

(f) <u>Describe/State</u>. The terms "describe" and "state" mean to set forth fully and unambiguously every fact relevant to the subject of the interrogatory, of which Defendant (including its agents and representatives) has knowledge or information.

(e) <u>Including / E.g.</u> The terms "including" and "e.g." shall be construed to mean including but not limited to.

(f) <u>Number</u>. The use of the singular form of any word includes the plural and vice versa.

(g) <u>Gender</u>. The masculine form of a noun or pronoun includes the feminine form and vice versa.

(h) <u>Parties/Persons</u>. A party's or a person's full or abbreviated name or any pronoun referring to that party or person means that party or person (and any and all of them in the case of plural parties or persons), and any and all subsidiaries, affiliates, parents, predecessors, or successors, any or all divisions thereof, and any and all individuals, present and former officers, directors, representatives, agents, employees, general partners, attorneys, independent consultants or experts, investment bankers, or other persons acting or purporting to act on behalf of it or them, or which acted or purported to act on behalf of it or them.

2. <u>Identification</u>.

(a) <u>With Respect to Persons</u>. When referring to a person, a request to "identify" means to give, to the extent known:

3

       (i)     the person's full name;

       (ii)    the person's present or last known address and telephone number (residence address in the case of a natural person); and

       (iii)   when referring to a natural person, additionally, the person's present or last known place of employment, the address and telephone number thereof, and his title or position there.

Once a person has been identified in accordance with this instruction, only the name of that person need be listed subsequently in response to any instruction which calls for the identification of that person.

(b)    <u>With Respect to Documents</u>. When referring to documents, a request to "identify" means to give, to the extent known:

       (i)     the type of document;

       (ii)    the date of the document;

       (iii)   the author(s) of the document;

       (iv)   the addressee(s) and recipient(s) of the document;

       (v)    the document's general subject matter; and

       (vi)   the document's production number.

3.    <u>Objections</u>. Where an objection is made to any request or portion thereof, the objection shall state with specificity all grounds. No part of any request shall be left unanswered because an objection is made to any other part thereof.

4.    <u>Privilege</u>. Where a claim of privilege (which term, as used herein, includes claims that material is protected from discovery under the attorney work-product doctrine or as trial preparation material) is asserted in objecting to any request or portion thereof, and documents are withheld from production on the basis of such assertion:

(a)    <u>Specification of Privilege Claimed</u>. The objection to the request or portion thereof shall identify the nature of the privilege which is being claimed.

(b)    <u>Privilege List</u>. The following information respecting a document that allegedly is privileged shall be provided in the objection, or in an

4

accompanying schedule, unless divulgence of such information would cause disclosure of the allegedly privileged information:

(i) identify the allegedly privileged document;

(ii) where not apparent, state the relationship of the document's author(s) and its addressee(s)/recipient(s) to each other; and

(iii) provide such other information as is necessary and sufficient to identify the document for a subpoena duces tecum, to enable other parties to assess the applicability of the privilege being claimed, and/or to comply with the requirements of Fed. R. Civ. P. 26(b)(5)(A).

(c) <u>Labeling of Redactions</u>. Any portion of any document produced in redacted form (whether for privilege or any other reason) shall be clearly labeled as "redacted", and not simply produced as blank space.

5. <u>No Limitations</u>. No interrogatory or part thereof shall be construed as a limitation on any other interrogatory or part thereof.

6. <u>Continuing Nature of Interrogatories</u>. These interrogatories are continuing. Defendant shall provide, by way of supplementary responses, any additional information, most notably that specified under Rule 26(e) of the Federal Rules of Civil Procedure, that may hereinafter be obtained by Defendant or any person acting on Defendant's behalf, which will augment or otherwise modify Defendant's responses.

<u>INTERROGATORIES</u>

**Interrogatory No. 1:**

List all products by name, model number, version, and release date that Defendant has imported into the United States or that Defendant has made, used, offered for sale, or sold in the United States that contain structures, functionality, or modes of operation (1) for each of the Accused Instrumentalies or (2) that are the same as or similar to the Accused Instrumentalities.

**Response:**

**Interrogatory No. 2:**

For each of the products identified in response to Interrogatory No. 1, identify each person who was responsible for the design and development of the product.

**Response:**

**Interrogatory No. 3:**

For each of the products identified in response to Interrogatory No. 1, identify the three most knowledgeable people with respect to the structure, function, and operation of those products.

**Response:**

**Interrogatory No. 4:**

Describe in detail the factual circumstances of Defendant's first awareness of the Patent-In-Suit, including the date(s) and the person(s) who first became aware of each Patent-In-Suit.

**Response:**

**Interrogatory No. 5:**

Describe the level of ordinary skill in the art that Defendant contends is applicable for the purposes of claim construction or for any other purpose in this action, including but not limited to analyses under 35 U.S.C. § 103 and/or 35 U.S.C. § 112.

6

**Response:**

**Interrogatory No. 6:**

If Defendant contends that any device of the Accused Instrumentalities does not contain every limitation or element of any of the asserted claims of the Patent-in-Suit, then state in detail each and every basis for Defendant's contention, including but not limited to all of the legal and factual bases for Defendant's contention, an identification of each claim not infringed, an identification of each element in each claim that purportedly is not present in the Accused Instrumentality, and all facts and circumstances supporting Defendant's contention, and identify all persons having knowledge thereof and all documents relating thereto.

**Response:**

**Interrogatory No. 7:**

Identify Defendant's customers in the United States that purchase any of the Accused Instrumentalities.

**Response:**

**Interrogatory No. 8:**

Provide the volume of sales, the averages sales price per unit, the sales revenue, cost of goods sold, and gross profit margin for the sales of each product sold to each customer identified in Interrogatory No. 9; also include overall sales of the Accused Instrumentalities on a monthly, quarterly, and/or annual basis (units sold, the average sales price (billed), the gross revenue received, the cost of goods sold, the gross profit margin).

7

**Response:**

**Interrogatory No. 9:**

Identify each individual, other than outside counsel, who provided information for use in preparing Defendant's responses to these interrogatories or who participated in preparing Defendant's responses to these interrogatories.

**Response:**

Dated: April 24, 2012

/s/   Paul Tanck

J. Michael Huget (P39150)
Deborah J. Swedlow (P67844)
HONIGMAN MILLER SCHWARTZ AND COHN LLP
130 S. First Street – 4th Floor
Ann Arbor, MI  48104-1386
Tel:    734.418.4268
Fax:   734.418.4269
Email: mhuget@honigman.com
          bswedlow@honigman.com

OF COUNSEL:

Scott S. Balber
Paul J. Tanck
   (admission pending status)
CHADBOURNE & PARKE LLP
30 Rockefeller Plaza
New York, NY  10112
Tel.:   (212) 408-5100
Fax:   (212) 541-5369
Email: sbalber@chadbourne.com
          ptanck@chadbourne.com

COUNSEL FOR PLAINTIFF ROCKWELL AUTOMATION TECHNOLOGIES, INC.

8

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of April, 2012 a copy of this document is being served by FedEx and by electronic mail to Defendant's counsel at the following address:

Richard A. Gaffin (P31406)
MILLER, CANFIELD, PADDOCK, AND STONE, P.L.C.
1200 Campus Square Plaza
99 Monroe Avenue, N.W.
Grand Rapids, MI 49503
Tel: (616) 454-8656
Email: gaffin@millercanfield.com

Arnold S. Weintraub (P22127)
The Weintraub Group
32000 Northwestern Hwy., Suite 240
Farmington Hills, MI 48334
Tel: (248) 865-9430
Email: awintraub@weintraubgroup.com

**COUNSEL FOR DEFENDANT
SECURE CROSSING RESEARCH & DEVELOPMENT, INC.**

Dated: April 24, 2012          /s/     Paul Tanck

                              Paul Tanck
                              CHADBOURNE & PARKE LLP
                              30 Rockefeller Plaza
                              New York, NY 10112
                              Tel.: (212) 408-5100
                              Fax: (212) 541-5369
                              Email: PTanck@chadbourne.com

                              **ATTORNEY FOR PLAINTIFF
                              ROCKWELL AUTOMATION TECHNOLOGIES, INC.**

9