# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ROCKWELL AUTOMATION TECHNOLOGIES, INC., <br> *Plaintiff*, <br> v. <br> SECURE CROSSING RESEARCH AND DEVELOPMENT INC., <br> *Defendant*. | Case No. 2:12-cv-10274-GCS-MKM <br><br> Honorable George Caram Steeh |

## SECURE CROSSING'S RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS

Secure Crossing, through undersigned counsel, hereby submits the following responses to Plaintiff's First Set of Requests for the Production of Documents and Things:

**Request No. 1:**

All documents concerning, tending to support, or tending to refute the validity or invalidity of any claim of the Patent-In-Suit including publications, Prior Art, Prior Art searches, opinions of counsel, offers for sale, sales, or public uses of, or related to, the subject matter claimed in the Patent-In-Suit.

**Response:**

See Secure Crossing's request for reexamination by the USPTO. By way of further response, all responsive, non-privileged documents that are not the subject of the pending motion for protective order will be produced.

**Request No. 2:**

All documents concerning, tending to support, or tending to refute the infringement or non-infringement of any claim of the Patent-In-Suit.

**Response:**

See response to Request No. 1 and the documents submitted in connection with the tutorial before the Court. By way of further response, all responsive, non-privileged documents that are not the subject of the pending motion for protective order will be produced.

**Request No. 3:**

All documents concerning, tending to support, or tending to refute the enforceability or unenforceability of the Patent-In-Suit.

**Response:**

See response to Request No. 1 and the documents submitted in connection with the tutorial before the Court. By way of further response, all responsive, non-privileged documents that are not the subject of the pending motion for protective order will be produced.

**Request No. 4:**

All documents concerning the Patent-In-Suit.

**Response:**

See response to Request No. 1 and the documents submitted in connection with the tutorial before the Court. By way of further response, all responsive, non-privileged documents that are not the subject of the pending motion for protective order will be produced.

**Request No. 5:**

All documents concerning or consisting of extrinsic evidence upon which Defendant will rely to interpret any of the claims of the Patent-In-Suit.

**Response:**

See response to Request No. 1, the request for reexamination in the USPTO and the documents submitted in connection with the tutorial before the Court. By way of further response, all responsive, non-privileged documents that are not the subject of the pending motion for protective order will be produced.

**Request No. 6:**

All Prior Art that Defendant contends supports an assertion that any claim of the Patent-In-Suit is invalid.

**Response:**

See response to Request No. 1, the request for reexamination in the USPTO and the documents submitted in connection with the tutorial before the Court. By way of further response, all responsive, non-privileged documents that are not the subject of the pending motion for protective order will be produced.

**Request No. 7:**

All documents concerning "secondary considerations" (e.g., commercial success, licenses, respect or recognition by others, awards, copying, failed attempts by others, long-felt need, unexpected results) related to the issue of obviousness or nonobviousness of the subject matter claimed in the Patent-In-Suit under 35 U.S.C. § 103.

**Response:**

Secure Crossing objects to this Request for the reason that the Request is unintelligible. To the extent Secure Crossing is able to interpret the Request, it responds as follows: See response to Request No. 1, the request for reexamination in the USPTO and the documents submitted in connection with the tutorial before the Court. All responsive, non-privileged documents that are not the subject of the pending motion for protective order will be produced.

**Request No. 8:**

All documents concerning the conception, design, research, development, testing and/or programming of the Accused Instrumentalities or any other products identified in response to Interrogatory No. 1, including sketches, prints, images, electronic information, written disclosures, test data, notebooks, minutes, reports or the like.

**Response:**

All responsive, non-privileged documents that are not the subject of the pending motion for protective order will be produced.

**Request No. 9:**

All documents concerning any study, analysis, reverse engineering, and/or copying of Plaintiff's products or the subject matter claimed in the Patent-In-Suit.

**Response:**

None.

**Request No. 10:**

All documents concerning all design proposals and design alternatives considered or known by Defendant for the Accused Instrumentalities or any other products identified in response to Interrogatory No. 1.

**Response:**

All responsive, non-privileged documents that are not the subject of the pending motion for protective order will be produced.

**Request No. 11:**

If Defendant contends that the Accused Instrumentalities or any other products identified in response to Interrogatory No. 1 are a result of efforts to design around the Patent-In-Suit, all documents concerning such design around program or efforts.

**Response:**

None.

**Request No. 12:**

All user manuals, technical specifications, and/or design documentation concerning the Accused Instrumentalities or any other products identified in response to Interrogatory No. 1.

**Response:**

See response to Request No. 1, the request for reexamination in the USPTO and the documents submitted in connection with the tutorial before the Court. By way of further response, all responsive, non-privileged documents that are not the subject of the pending motion for protective order will be produced.

**Request No. 13:**

Documents related to the structure, function, and operation of the Accused Instrumentalities or any other products identified in response to Interrogatory No. 1.

**Response:**

See response to Request No. 1, the request for reexamination in the USPTO and the documents submitted in connection with the tutorial before the Court. By way of further response, all responsive, non-privileged documents that are not the subject of the pending motion for protective order will be produced.

**Request No. 14:**

All documents concerning the marketing of the Accused Instrumentalities or any other products identified in response to Interrogatory No. 1.

**Response:**

See response to Request No. 1. By way of further response, all responsive, non-privileged documents that are not the subject of the pending motion for protective order will be produced.

**Request No. 15:**

Documents sufficient to show all sales of the Accused Instrumentalities or any other products identified in response to Interrogatory No. 1.

**Response:**

All responsive, non-privileged documents not previously produced, and that are not the subject of the pending motion for protective order, will be produced.

**Request No. 16:**

Documents sufficient to show Defendant's revenues obtained from sales of the Accused Instrumentalities or any other products identified in response to Interrogatory No. 1.

**Response:**

All responsive, non-privileged documents that are not the subject of the pending motion for protective order will be produced.

**Request No. 17:**

Documents sufficient to show the costs and expenses associated with sales of the Accused Instrumentalities or any other products identified in response to Interrogatory No. 1.

**Response:**

All responsive, non-privileged documents not previously produced, and that are not the subject of the pending motion for protective order, will be produced.

**Request No. 18:**

Documents sufficient to show the profit, whether described as gross, marginal, net, or any other term, earned by Defendant on sales of the Accused Instrumentalities or any other products identified in response to Interrogatory No. 1.

**Response:**

All responsive, non-privileged documents not previously produced, and that are not the subject of the pending motion for protective order, will be produced.

**Request No. 19:**

Documents summarizing the sales and/or profitability of the Accused Instrumentalities or any other products identified in response to Interrogatory No. 1.

**Response:**

All responsive, non-privileged documents not previously produced, and that are not the subject of the pending motion for protective order, will be produced.

**Request No. 20:**

All documents concerning cost or pricing analyses or comparisons, made by or for Defendant, between the Accused Instrumentalities or any other products identified in response to Interrogatory No. 1 and any other products.

**Response:**

All responsive, non-privileged documents not previously produced, that are not the subject of the pending motion for protective order, will be produced.

**Request No. 21:**

All documents concerning comparisons between the Accused Instrumentalities or any other products identified in response to Interrogatory No. 1 and any competitor products.

**Response:**

All responsive, non-privileged documents that are not the subject of the pending motion for protective order will be produced.

**Request No. 22:**

Documents sufficient to describe the structure, function, and operation of all products that Defendant that Defendant has made, used, offered for sale, or sold in the United States that contain structures, functionality, or modes of operation that are the same as or similar to the Accused Instrumentalities or any other products identified in response to Interrogatory No. 1.

**Response:**

All responsive, non-privileged documents that are not the subject of the pending motion for protective order will be produced.

**Request No. 23:**

All documents concerning licenses to which Defendant is a party for technology in the field of the Patent-In-Suit or the Accused Instrumentalities.

**Response:**

None.

**Request No. 24:**

All documents concerning Defendant's patent program policy or policies, any incentives to employees for participating in Defendant's patent program, or any patent applications filed by Defendant seeking to protect any features of the Accused Instrumentalities.

**Response:**

None.

**Request No. 25:**

All documents concerning the circumstances of Defendant's first awareness of the Patent-In-Suit.

**Response:**

All responsive, non-privileged documents that are not the subject of the pending motion for protective order will be produced.

**Request No. 26:**

All documents concerning any notice, warning, or charge of infringement received by Defendant in relation to the Accused Instrumentalities or any other products identified in response to Interrogatory No. 1.

**Response:**

See Complaint in this matter. By way of further response, all responsive, non-privileged documents that are not the subject of the pending motion for protective order will be produced.

**Request No. 27:**

All press releases issued by Defendant concerning the Accused Instrumentalities or any other products identified in response to Interrogatory No. 1.

**Response:**

All responsive, non-privileged documents that are not the subject of the pending motion for protective order will be produced.

**Request No. 28:**

All documents concerning any communications between or among Defendant, its agents, or anyone else, including third parties, concerning the Patent-In- Suit, this lawsuit, or the Accused Instrumentalities or any other products identified in response to Interrogatory No. 1.

**Response:**

Secure Crossing objects to this Request for the reason that it is vague, undefined and over-burdensome. By way of further response, and without waiving said objection, all responsive, non-privileged documents that are not the subject of the pending motion for protective order will be produced.

**Request No. 29:**

Documents sufficient to show the organizational structure of Defendant.

**Response:**

None.

**Request No. 30:**

All documents concerning any information that supports or refutes, or tends to support or refute, any of the allegations in any pleadings filed in this lawsuit.

**Response:**

Secure Crossing objects to this Request for the reason that it is vague, undefined and over-burdensome. By way of further response, and without waiving said objection, see response to Request No. 1, the request for reexamination in the USPTO and the documents submitted in connection with the tutorial before the Court. All responsive, non-privileged documents that are not the subject of the pending motion for protective order will be produced.

**Request No. 31:**

To the extent not covered elsewhere in these requests, all opinions of counsel or studies performed by or for counsel concerning the Accused Instrumentalities or any other products identified in response to Interrogatory No. 1 and the Patent-In-Suit.

**Response:**

None.

**Request No. 32:**

All documents identified in response to any interrogatory served by Plaintiff in this action or otherwise relied on as a source of responsive information to any interrogatory served by Plaintiff in this action.

**Response:**

See response to Request No. 1, the request for reexamination in the USPTO and the documents submitted in connection with the tutorial before the Court. By way of further response, all responsive, non-privileged documents that are not the subject of the pending motion for protective order will be produced.

**Request No. 33:**

All documents concerning the conception, design, manufacture, testing, use, and functionality of the products identified in response to Interrogatory No. 1.

**Response:**

See response to Request No. 1, the request for reexamination in the USPTO and the documents submitted in connection with the tutorial before the Court. By way of further response, all responsive, non-privileged documents that are not the subject of the pending motion for protective order will be produced.

**Request No. 34:**

All documents concerning Defendant's document destruction or retention policies.

**Response:**

None.

**Request No. 35:**

A representative sample of each of the Accused Instrumentalities and any other products identified in response to Interrogatory No. 1.

**Response:**

Plaintiff is already in possession of the requested items.

**Request No. 36:**

All computer source code used in, used with, or installed on the Accused Instrumentalities or any other products identified in response to Interrogatory No. 1.

**Response:**

All responsive, non-privileged documents that are not the subject of the pending motion for protective order will be produced.

**Request No. 37:**

All documents related to the programming of the Accused Instrumentalities or any other products identified in response to Interrogatory No. 1.

**Response:**

All responsive, non-privileged documents that are not the subject of the pending motion for protective order will be produced.

**Request No. 38:**

All documents concerning communications with third parties regarding the conception, design, or development of the Accused Instrumentalities or any other products identified in response to Interrogatory No. 1.

**Response:**

All responsive, non-privileged documents that are not the subject of the pending motion for protective order will be produced.

Dated: July 19, 2012

*/s/ Arnold S. Weintraub*
Arnold S. Weintraub
THE WEINTRAUB GROUP, P.L.C.
28580 Orchard Lake Road, Suite 140
Farmington Hills, MI 48334
T: 248-865-9430
F: 248-865-9430
aweintraub@weintraubgroup.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of *Secure Crossing's Response to Plaintiff's First Set of Requests for the Production of Documents and Things* was served on this 19th day of July, 2012, via Hand Delivery to Deborah J. Swedlow, Honigman Miller Schwartz and Cohn LLP, 130 S. First Street, 4th Floor, Ann Arbor, Michigan 48104.

Dated: 7-19-12

Denise Sinnhuber
THE WEINTRAUB GROUP
28580 Orchard Lake Road, Suite 140
Farmington Hills, MI 48334
T: 248-865-9430
F: 248-865-9430
das@weintraubgroup.com