# EXHIBIT 6

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROCKWELL AUTOMATION
TECHNOLOGIES, INC.,

    *Plaintiff*,

v.

SECURE CROSSING RESEARCH
AND DEVELOPMENT INC.,

    *Defendant*.

Case No. 2:12-cv-10274-GCS-MKM

Honorable George Caram Steeh

## REVISED STIPULATED PROTECTIVE ORDER

The parties to this action have agreed to the terms of this Revised Stipulated Protective Order; accordingly, it is ORDERED:

**1.** **Scope.** All disclosures, affidavits, and declarations and exhibits thereto, deposition testimony and exhibits, discovery responses, documents, electronically stored information, tangible objects, information, and other things produced, provided, or disclosed in the course of this action which may be subject to restrictions on disclosure under this Order, and information derived directly therefrom (hereinafter referred to collectively as "documents"), shall be subject to this Order as set forth below. As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order shall be strictly construed in favor of public disclosure and open proceedings wherever possible. The Order is also subject to the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2. **Form and Timing of Designation.** A party or non-party may designate documents as confidential and restricted in disclosure under this Order by placing or affixing the words "CONFIDENTIAL" (hereinafter referred to as "CONFIDENTIAL") or "ATTORNEYS EYES ONLY" or "OUTSIDE ATTORNEYS EYES ONLY" on the document in a manner that will not interfere with the legibility of the document. Documents shall be designated prior to or at the time of the production or disclosure of the documents. When a tangible object is produced for inspection subject to protection under this Order, the party or non-party making the production shall state whether the object is CONFIDENTIAL or ATTORNEYS EYES ONLY or OUTSIDE ATTORNEYS EYES ONLY and a photograph of the object shall be made and produced at the time of inspection or within a reasonable time thereafter, labeled with the designation CONFIDENTIAL or ATTORNEYS EYES ONLY or OUTSIDE ATTORNEYS EYES ONLY. Thereafter, any information learned or obtained as a result of the inspection shall be subject to protection under this Order in accordance with the applicable designation. When electronically stored information is produced which cannot itself be marked with the designation CONFIDENTIAL or ATTORNEYS EYES ONLY or OUTSIDE ATTORNEYS EYES ONLY, the physical media on which such electronically stored information is produced shall be marked with the applicable designation. The party receiving such electronically stored information shall then be responsible for labeling any copies, including any parts, that it creates thereof, whether electronic or paper, with the applicable designation. Persons handling any copies will be identified by counsel. By written stipulation, the parties may agree temporarily to designate original documents that are produced for inspection CONFIDENTIAL or

ATTORNEYS EYES ONLY or OUTSIDE ATTORNEYS EYES ONLY even though the original documents being produced have not themselves been so labeled.  All information learned in the course of such an inspection shall be protected in accordance with the stipulated designation.  The copies of documents that are selected for copying during such an inspection shall be marked CONFIDENTIAL or ATTORNEYS EYES ONLY or OUTSIDE ATTORNEYS EYES ONLY as required under this Order and thereafter the copies shall be subject to protection under this Order in accordance with their designation.  The designation of documents for protection under this Order does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

3. **Documents Which May be Designated CONFIDENTIAL.**  Any party or non-party may designate documents as CONFIDENTIAL upon making a good faith determination that the documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential business or personal information, medical or psychiatric information, trade secrets, personnel records, or such other sensitive commercial information that is not publicly available.

4. **Documents Which May be Designated ATTORNEYS EYES ONLY.** Any party or non-party may designate documents as ATTORNEYS EYES ONLY upon making a good faith determination that the documents contain information protected from disclosure by statute or that should be protected from disclosure as trade secrets or other highly sensitive business or personal information, the disclosure of which is likely to cause significant harm to an individual or to the business or competitive position of the designating party.

5. **Documents Which May be Designated OUTSIDE ATTORNEYS EYES ONLY.** Any party or non-party may designate documents as OUTSIDE ATTORNEYS EYES ONLY upon making a good faith determination that the documents contain information protected from disclosure by statute or that should be protected from disclosure as trade secrets or other e extremely sensitive business or personal information, the disclosure of which is likely to cause significant harm to an individual or to the business or competitive position of the designating party.

6. **Depositions.** Deposition testimony shall be deemed CONFIDENTIAL or ATTORNEYS EYES ONLY or OUTSIDE ATTORNEYS EYES ONLY only if designated as such. Such designation shall be specific as to the portions of the transcript or any exhibit designated for protection under this Order. Thereafter, the deposition testimony and exhibits so designated shall be protected, pending objection, under the terms of this Order. At the deposition a party may temporarily designate an entire deposition and the exhibits used therein for protection under this Order pending receipt and review of the transcript. In such a circumstance, the parties shall review the final transcript and, within seven days of the receipt thereof, specifically designate the testimony and exhibits that will be protected under this Order. Thereafter, only the specifically designated testimony and exhibits shall be protected under the terms of this Order.

7. **Protection of Confidential Material.**

   (a) **Protection of Documents Designated CONFIDENTIAL.** Documents designated CONFIDENTIAL under this Order shall not be used for any purpose whatsoever other than the prosecution or defense of this action or any action or

proceedings involving the parties, and of any appeal thereof.  The parties and counsel for the parties shall not disclose or permit the disclosure of any documents designated CONFIDENTIAL to any third person or entity except as set forth in subparagraphs (1)-(7) below.  Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated CONFIDENTIAL:

>   **(1)   Outside Counsel.**  Outside counsel for the parties and employees and agents of outside counsel who have responsibility for the preparation and trial of this action.
>
>   **(2)   Parties.**  Directors, officers, and employees of a party to this action that have completed the certification contained in Attachment A, "Acknowledgment of Understanding and Agreement to be Bound" and provided that such certification be delivered to the opposing party prior to any director, officer, or employee receiving designated documents.
>
>   **(3)   The Court.**  The Court and its personnel.
>
>   **(4)   Court Reporters, Recorders, and Translators.**

Court reporters, recorders, and translators engaged for depositions or other work related to this action.

    **(5)**  **Persons Creating or Receiving Documents.** Any person who authored or recorded the designated document, and any person who has previously seen or was aware of the designated document. During a deposition, counsel for a party may show any document to any witness if counsel has a good faith basis to believe that the foregoing applies to that witness and the document.

    **(6)**  **Consultants, Investigators, and Experts.** Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action or proceeding, but only after such persons have completed the certification contained in Attachment A, "Acknowledgment of Understanding and Agreement to be Bound."

    **(7)**  **Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A, "Acknowledgment of Understanding and Agreement to Be Bound."

  **(b)**  **Protection of Documents Designated ATTORNEYS EYES ONLY.** Documents designated ATTORNEYS EYES ONLY under this Order shall not be used for any purpose whatsoever other than the prosecution or defense of this action or any action or proceedings involving the parties, and of any appeal thereof. The parties and counsel for the parties shall not disclose or permit the disclosure of any documents designated ATTORNEYS EYES ONLY to any third person or entity except as set forth

in subparagraphs (1)-(7) below. Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated ATTORNEYS EYES ONLY.

**(1)    Outside Counsel.** Outside counsel for the parties and employees and agents of outside counsel who have responsibility for the preparation and trial of the action.

**(2)    In-House Counsel.** One identified in-house counsel for each side who is employed by a party and who has responsibility for this action. At present, Plaintiff's designated in-house counsel is John M. Miller. Defendant's designated in-house counsel is Ron Deziel. Designated in-house counsel for the receiving party must be: (i) a person to whom disclosure is reasonable necessary for this litigation, (ii) who has signed the "Acknowledgement and Agreement to be Bound" (Exhibit A), (iii) who agrees to use the information only for the purposes of making decisions related to this litigation, (iv) who may render advice to his or her client with respect this action and rely generally upon the ATTORNEYS EYES ONLY information, however, in rendering advice or otherwise communicating with his or her client, such attorney shall not produce any ATTORNEYS EYES ONLY material or provide any specific detailed information contained in any such document, and (v) an attorney. In-House counsel may not see an opposing party's patent applications that are not publically available or non-issued patent

7

prosecution files or any part thereof.

**(3)** **The Court.** The Court and its personnel.

**(4)** **Court Reporters, Recorders, and Translators.** Court reporters, recorders, and translators engaged for depositions or other work related to this action.

**(5)** **Persons Creating or Receiving Documents.** Any person who authored or recorded the designated document, and any person who has previously seen or was previously aware of the designated document. During a deposition, counsel for a party may show any document to any witness if counsel has a good faith basis to believe that the foregoing applies to that witness and the document.

**(6)** **Consultants, Investigators, and Experts.** Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action or proceeding, but only after such persons have completed the certification contained in Attachment A, "Acknowledgment of Understanding and Agreement to be Bound."

**(7)** **Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A, "Acknowledgment of Understanding and Agreement to be Bound."

**(c)     Protection of Documents Designated OUTSIDE ATTORNEYS EYES ONLY.**  Documents designated OUTSIDE ATTORNEYS EYES ONLY under this Order shall not be used for any purpose whatsoever other than the prosecution or defense of this action or any action or proceedings involving the parties, and of any appeal thereof.  The parties and counsel for the parties shall not disclose or permit the disclosure of any documents designated OUTSIDE ATTORNEYS EYES ONLY to any third person or entity except as set forth in subparagraphs (1)-(7) below.  Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated OUTSIDE ATTORNEYS EYES ONLY.

> **(1)     Outside Counsel.**  Outside counsel for the parties and employees and agents of outside counsel who have responsibility for the preparation and trial of the action.
>
> **(2)     The Court.**  The Court and its personnel.
>
> **(3)     Court Reporters, Recorders, and Translators.**  Court reporters, recorders, and translators engaged for depositions or other work related to this action.
>
> **(4)     Persons Creating or Receiving Documents.**  Any person who authored or recorded the designated document, and any person who has previously seen or was previously aware of the designated document.  During a deposition, counsel for a party may show any document to any witness if counsel has a good faith basis to believe that the foregoing applies to that witness and the document.

9

    **(5)**   **Consultants, Investigators, and Experts.** Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action or proceeding, but only after such persons have completed the certification contained in Attachment A, "Acknowledgment of Understanding and Agreement to be Bound."

 **(d)**   **Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A, "Acknowledgment of Understanding and Agreement to be Bound."

 **(e)**   **Control of Documents.** Outside counsel for the parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of documents designated for protection under this Order. Outside counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of 1 year after the latter of the dismissal of the action, the entry of final judgment, and the conclusion of any appeals arising therefrom, or the expiration of the time to appeal arising therefrom.

 **(f)**   **Copies.** All copies of documents designated for protection under this Order, or any individual portion of such a document, shall be marked with the designation CONFIDENTIAL or ATTORNEYS EYES ONLY if the words do not already appear on the copy. All such copies shall be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases, or lists of documents provided these indices, electronic databases, or lists do not contain substantial portions or images

of the text of designated documents or otherwise disclose the substance of the designated documents.

**(g)** **Inadvertent Production.** Except in the event that the requesting party disputes the claim, any documents the producing party deems to have been inadvertently disclosed and to be subject to the attorney-client privilege or to protection as work product or trial preparation material shall be, upon written request, promptly returned to the producing person, or destroyed, at that person's option. If the claim is disputed, a single copy of the materials may be retained by counsel for the requesting party for the exclusive purpose of seeking prompt judicial determination of the matter pursuant to Fed. R. Civ. P. 26(b)(5)(B) and Fed. R. Evid. 502.

**(h)** A Consultant, Investigator, or Expert for the purposes of this agreement (1) may not be presently employed, or otherwise been employed at any time from the filing of the complaint, by the Parties hereto for purposes other than this Action; (2) must complete the certification contained in Attachment A hereto which must be served on the parties along with the resume or curriculum vitae of the proposed Consultant, Investigator, or Expert, including an identification of the proposed Consultant's, Investigator's, or Expert's current employer, at least fifteen (15) days before access to the CONFIDENTIAL or ATTORNEY'S EYES ONLY or OUTSIDE ATTORNEYS EYES ONLY material is to be given to that Consultant, Investigator, or Expert. Any objection to the disclosure of materials to a Consultant, Investigator, or Expert must be made in writing within fifteen (15) days after a party has provided the necessary materials and information required by sub-part (2) of the preceding sentence. The parties agree to promptly confer and use good faith to resolve any such objection. If the

parties are unable to resolve any objection, the party seeking to use the expert may file a motion with the Court within ten (10) days of the objection notice, or within such other time as the parties may agree, seeking the Court's approval of the expert. The party seeking the use of the expert shall have the burden of proving that the disclosure of confidential materials to the Consultant, Investigator, or Expert will not cause harm to the objecting party. No disclosure shall occur until all such objections are resolved by agreement or Court order.

**8. Challenges by a Party to a Designation for Protection Under this Order.** Any CONFIDENTIAL or ATTORNEYS EYES ONLY or OUTSIDE ATTORNEYS EYES ONLY designation is subject to challenge by any party or non-party with standing to object (hereafter "objecting party"). Before filing any motions or objections to a designation for protection under this Order with the Court, the parties shall have an obligation to meet and confer in a good faith effort to resolve the objection by agreement. The parties are to meet and confer within 10 days of the objecting party's written request to meet and confer, otherwise the designation(s) is waived. If agreement is reached confirming or waiving the CONFIDENTIAL or ATTORNEYS EYES ONLY or OUTSIDE ATTORNEYS EYES ONLY designation as to any documents subject to the objection, the designating party shall serve on all parties a notice specifying the documents and the nature of the agreement. If no agreement is reached, the party seeking to maintain the designation as CONFIDENTIAL or ATTORNEYS' EYES ONLY or OUTSIDE ATTORNEYS EYES ONLY may file a motion as specified in Paragraph 9; provided, however, such motion shall be filed within 10 days of meeting and conferring to resolve the objection by agreement. The party

seeking the designation shall have the burden of proving that the materials are CONFIDENTIAL or ATTORNEYS' EYES ONLY or OUTSIDE ATTORNEYS EYES ONLY. If a motion is not made by the designating party during the allotted time period, the designation is waived.

9. **Action by the Court.** Applications to the Court for an order relating to any documents designated for protection under this Order shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any documents produced or used in discovery or at trial.

10. **Use of Confidential Documents or Information at Trial.** Absent order of the Court, all trials are open to the public and there will be no restrictions on the use at trial of any document designated for protection under this Order.

11. **Obligations on Conclusion of Litigation.**

(a) **Order Remains in Effect.** Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until the party who has designated materials CONFIDENTIAL or ATTORNEYS EYES ONLY or OUTSIDE ATTORNEYS EYES ONLY agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motion or application for extension of time pursuant to applicable law.

(b) **Return of Documents Designated for Protection Under this Order.**

Within thirty days after dismissal or entry of final judgment not subject to further appeal, all documents designated for protection under this Order, including copies as defined in Paragraph 6(d), shall be returned to the producing party or destroyed, under the terms given below, unless the document has been offered into evidence or filed without restriction as to disclosure. The parties agree that documents bearing the notations, summations, or other mental impressions of the receiving party may be destroyed rather than returned to the producing party. In the case where the receiving party destroys the documents, the receiving party shall certify to the producing party that it has done so. Notwithstanding the above requirements to return or destroy documents, outside counsel for any party may retain copies of all pleadings, motions, orders, written discovery, and other papers filed with the Court or exchanged by the parties even though they may contain documents designated for protection under this Order. Outside counsel may also retain attorney work product, including an index which refers or relates to documents designated for protection under this Order, so long as that work product does not duplicate verbatim substantial portions of the text or images of documents designated for protection under this Order. This work product shall continue to be subject to the protections of this Order in accordance with the applicable designation. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose or use documents designated for protection under this Order.

**(c) Return of Documents Filed under Seal.** After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return to counsel for the parties or, after notice, destroy documents filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.

12. **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter.

13. **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents designated for protection under this Order are entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

14. **Persons Bound.** This Order shall take effect when entered into by the parties, subject the Court's modification, and shall be binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its terms.

**So Ordered.**

Dated: _____          _____
                                        U.S. District Judge

**REVISED STIPULATED PROTECTIVE ORDER ATTACHMENT A**
**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| ROCKWELL AUTOMATION TECHNOLOGIES, INC., *Plaintiff,* v. SECURE CROSSING RESEARCH AND DEVELOPMENT INC., *Defendant.* | Case No. 2:12-cv-10274-GCS-MKM Honorable George Caram Steeh |

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Protective Order entered in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Western District of Wisconsin in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use documents designated CONFIDENTIAL or ATTORNEYS EYES ONLY or OUTSIDE ATTORNEYS EYES ONLY in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such documents or information derived directly therefrom to any other person, firm or concern. The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title:_____

Employer and Business Address: _____

Date: _____   Signature: _____