# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| **ROCKWELL AUTOMATION TECHNOLOGIES, INC.,**<br><br>*Plaintiff*,<br><br>v.<br><br>**SECURE CROSSING RESEARCH AND DEVELOPMENT INC.,**<br><br>*Defendant*. | Case No. 2:12-cv-10274-GCS-MKM<br><br>Honorable George Caram Steeh<br><br>Referred to Honorable Mona K. Majzoub |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO QUASH OR, IN THE ALTERNATIVE, FOR PROTECTIVE ORDER

# TABLE OF AUTHORITIES

**Cases**

*Children's Legal Servs. P.L.L.C. v. Kresch*,
   2007 WL 4098203, *2 (E.D. Mich. Nov. 16, 2007) ...................................................... 5, 8

*Dana Ltd. v. Am. Axle & Mfg. Holdings, Inc.*,
   No. 1:10-cv-450, 2010 WL 3398918, at *2 (W.D. Mich. Aug. 26, 2010) ...................... 3

*Grewal & Assocs. v. Hartford Cas. Ins. Co.*,
   No. 1:10-cv-214, 2010 WL 3909491, at *2 (W.D. Mich. Sept. 30, 2010) ..................... 3

*McLaurin v. Detroit Entm't, LLC*,
   No. 09-cv-13174, 2010 WL 750194, at *1 (E.D. Mich. March 3, 2010) ....................... 5

*McNaughton-McKay Elec. Co. v. Linamar Corp.*,
   No. 09-cv-11165, 2010 WL 2560047, at *2–3 (E.D. Mich. June 15, 2010) .................. 7

*MSC Software Corp. v. Altair Eng'g., Inc.*,
   No. 07-12807, 2010 WL 2696752, at *1 (E.D. Mich. July 7, 2010) .............................. 3

*Nemir v. Mitsubishi Motors Corp.*, 381 F.3d 540 (6th Cir. 2004) ....................................... 6

*Nix v. Sword*, 11 Fed. Appx. 498 (6th Cir. 2001) ............................................................... 5

*Omega Homes, Inc. v. Citicorp Acceptance Co.*, 656 F. Supp. 393 (W.D. Va. 1987) ........ 5

*Pettrey v. Enter. Title Agency, Inc.*, 470 F. Supp. 2d 790 (N.D. Ohio 2006) ...................... 8

*Schweinfurth v. Motorola, Inc.*,
   No. 1:05-cv-024, 2008 WL 4981380, at *2 (N.D. Ohio Nov. 19, 2008) ........................ 6

*Tenneco Auto. Co. v. Kingdom Auto Parts*,
   No. 08-cv-10467, 2009 WL 36428, at *2 (E.D. Mich. Jan. 6, 2009) ..................... 5, 7, 8

*United States ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc.*,
   444 F.3d 462 (6th Cir. 2005) .......................................................................................... 3

**Rules**

Fed. R. Civ. P. 26 ............................................................................................... 2, 5, 6, 10

Fed. R. Civ. P. 37 ............................................................................................................ 10

Fed. R. Civ. P. 45 .............................................................................................................. 3

i

12015428.1

ii

**Other Authorities**

Wright & Miller, *Federal Practice & Procedure: Civil 3d* § 2043 (2008). ....................3, 6

12015428.1

## ISSUES PRESENTED

**Issue Presented:** Should a defendant's motion to quash a subpoena be denied when the motion was filed in a district other than the district from which the subpoena issued?

**Answer:** Yes.

**Issue Presented:** Should a defendant's motion for a protective order be denied when the defendant has failed to show good cause and where a current protective order adequately protects the defendant's interests?

**Answer:** Yes.

COMES NOW Plaintiff Rockwell Automation Technologies, Inc. ("Plaintiff" or "Rockwell"), and in response to Defendant Secure Crossing Research and Development, Inc.'s ("Defendant" or "Secure Crossing") Motion to Quash or, in the Alternative, for Protective Order (Dkt. 68), states as follows:

## I. INTRODUCTION

On January 8, 2013, Plaintiff served a subpoena duces tecum on Chris Buechler, an independent software developer hired by Defendant to work on its Zenwall products. *See* Dkt. 68, Ex. A. The Zenwall products are the allegedly infringing products at issue in this patent infringement case. Defendant had previously identified Mr. Buechler, who no longer works for the company, as a "person … responsible for the design and development" of the Zenwall products and one of the two "most knowledgeable people with respect to [their] structure, function, and operation." Ex. 1 at 1–2 (Defendant's Response to Interrogatory Nos. 2 and 3).[1] The subpoena was issued by the United States District Court for the Western District of Texas with a return date of January 18, 2013. *See* Dkt. 68, Ex. A.

On January 16, 2013, Plaintiff served a deposition subpoena on Mr. Buechler. *See* Dkt. 68, Ex. B. The subpoena scheduled Mr. Buechler's deposition for February 19, 2013. *Id*. Like the subpoena duces tecum, the deposition subpoena was issued by the United States District Court for the Western District of Texas. To date, Mr. Buechler has not served written objections

---

[1] All numbered exhibits referenced in this response are attached to the January 31, 2013 Declaration of Paul J. Tanck, Esq. ("Tanck Decl.").

1

to either subpoena (*see* Tanck Decl., ¶ 5) and the Defendant's Motion does not dispute the relevance of the information requested.

On January 17, 2013, Defendant filed a motion to quash the subpoenas in this Court. *See* Dkt. 68. In the alternative, Defendant requested entry of a protective order requiring any documents produced by Mr. Buechler to be "deposited solely with the Court and be available for inspection only by an outside expert employed by Plaintiff." *Id.* at 7. Defendant made this request despite the fact that the Stipulated Protective Order agreed to by the parties and entered by this Court on May 31, 2012, plainly applies to the documents at issue. *See* Dkt. 30.

As Plaintiff explains in further detail below, Defendant's motion is without merit, for several reasons. First, Defendant's motion to quash the subpoenas was filed in the wrong court. The subpoenas were issued by the United States District Court for the Western District of Texas, but Defendant inexplicably moved to quash them in this Court. The motion to quash must therefore be denied for lack of jurisdiction.

Second, Defendant's motion for a protective order is both unnecessary and improper. Defendant does not discuss, let alone demonstrate, the "good cause" necessary to modify a protective order under Rule 26 of the Federal Rules of Civil Procedure, which requires the moving party to demonstrate that modification is necessary "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1)(G). Aside from unfounded speculation regarding Plaintiff's motives in bringing this case, Defendant fails to explain why measures above and beyond those already in place are necessary to protect its "trade secrets" or "confidential business information," both of which are expressly addressed by the Stipulated Protective Order. Plaintiff therefore respectfully submits

2

that Defendant should be directed to permit discovery to proceed in this case without further delay.

II.     ARGUMENT

A.     **Defendant Filed Its Motion to Quash in the Wrong Court**

Under Rule 45(c) of the Federal Rules of Civil Procedure, "motions to quash, modify, or condition the subpoena are to be made in <u>the district court of the district from which the subpoena issued</u>." Wright & Miller, *Federal Practice & Procedure: Civil 3d* § 2463.1 (2008) (emphasis added); *see also* Fed. R. Civ. P. 45(c)(3) (expressly providing that "the issuing court" may quash or modify a subpoena). "The power to quash or modify" a subpoena under Rule 45 "resides with the issuing court" because "the Federal Rules are designed to ensure that district courts remain firmly in control of those depositions and document productions involving nonparties located in their districts." *United States ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc.*, 444 F.3d 462, 468 (6th Cir. 2005). For this reason, district courts routinely hold that they lack jurisdiction to quash or modify a subpoena issued by another federal district court. *See MSC Software Corp. v. Altair Eng'g., Inc.*, No. 07-12807, 2010 WL 2696752, at *1 (E.D. Mich. July 7, 2010) ("Under Fed. R. Civ. P. 45(c), only the issuing court … can quash the subpoena."); *see also Grewal & Assocs. v. Hartford Cas. Ins. Co.*, No. 1:10-cv-214, 2010 WL 3909491, at *2 (W.D. Mich. Sept. 30, 2010); *Dana Ltd. v. Am. Axle & Mfg. Holdings, Inc.*, No. 1:10-cv-450, 2010 WL 3398918, at *2 (W.D. Mich. Aug. 26, 2010).

In this case, Defendant seeks to quash non-party subpoenas issued by the United States District Court for the Western District of Texas. *See* Dkt. 68, Ex. A & B. Under Rule 45(c)(3),

such a motion can only be entertained by "the issuing court," the Western District of Texas. Defendant's motion to quash the subpoenas therefore must be dismissed for lack of jurisdiction.[2]

### B. Defendant Has Not Satisfied the Requirements of Rule 26 for Entry of a Protective Order

In the alternative, Defendant asks this Court to enter a protective order to prevent the disclosure of its "trade secrets" and "confidential commercial business information." Dkt. 68 at 3–7. Although the parties have already negotiated and stipulated to the entry of a protective order in this case, *see* Dkt. 30, Defendant argues that the existing protective order "is not a proper means to protect Defendant from harm by the disclosure of its information by Mr. Buechler" because "[i]t is not clear whether the protective order would, in any event, apply to documents produced by a non-party to Plaintiff."[3] Dkt. 68 at 6. Defendant thus asks this Court to order any documents produced by Mr. Buechler to be "deposited solely with the Court and be available for inspection only by an outside expert employed by Plaintiff."[4] *Id.* at 7.

---

[2] Defendant's motion to quash the subpoena may be moot in any event, as the United States District Court for the Western District of Texas has already ordered Mr. Buechler to produce the requested documents. *See* Ex. 4. Secure Crossing presented the same arguments to quash the subpoena in the Western District of Texas that it now presents in this Court, but the Texas court nonetheless ordered production of all documents requested in the subpoena.

[3] In its brief, Defendant also alleges that "Plaintiff did not even provide a copy of the protective order to Mr. Buechler in connection with issuance of the Subpoenas." Dkt. 68 at 6. This statement is simply false. On January 7, 2013, Plaintiff's counsel provided a copy of the protective order to Mr. Buechler's counsel. *See* Ex. 2 (Tanck Email 1/7/13).

[4] Throughout the section of its brief entitled "Motion for Protective Order," Defendant repeatedly asks the Court to "quash" the subpoenas because they seek production of "trade secrets" and "confidential commercial business information." *See, e.g.*, Dkt. 68 at 4, 6. It is unclear whether these are errors or separate requests for relief but, as noted above, any request to quash the subpoenas must be brought in the Western District of Texas, not this Court.

4

Motions for a protective order are governed by Rule 26 of the Federal Rules of Civil Procedure. "Rule 26 … permits courts to issue a protective order, if justice requires and to protect individuals from annoyance, embarrassment, oppression, or undue burden or expense." *Nix v. Sword*, 11 Fed. Appx. 498, 500 (6th Cir. 2001). The burden of establishing "good cause" for entry of a protective order lies with the moving party. *Id.* In a case such as this one, in which the parties have already stipulated to and agreed upon a protective order, the movant's burden is especially high. *Children's Legal Servs. P.L.L.C. v. Kresch*, 2007 WL 4098203, *2 (E.D. Mich. Nov. 16, 2007) (citing *Omega Homes, Inc. v. Citicorp Acceptance Co.*, 656 F. Supp. 393, 403 (W.D. Va. 1987) (the parties "fairly agreed to the protective order, apparently through negotiations by their sophisticated and well informed counsel. . . . The court refuses to endorse Omega's tactic of inducing broad disclosure under a set of ground rules and then avoiding any limitations on itself by asking the court to come in and change those rules.")). To satisfy its burden, the moving party must "demonstrate good cause through specific facts showing clearly defined and serious injury that would result from [the subpoena]." *Tenneco Auto. Co. v. Kingdom Auto Parts*, No. 08-cv-10467, 2009 WL 36428, at *2 (E.D. Mich. Jan. 6, 2009); *see also McLaurin v. Detroit Entm't, LLC*, No. 09-cv-13174, 2010 WL 750194, at *1 (E.D. Mich. March 3, 2010) ("When a business seeks protection of trade secret or commercial information, it must show that disclosure would cause a clearly defined and serious injury." (internal quotation omitted)). The alleged harm "must be illustrated with a particular and specific demonstration of facts, as distinguished from stereotyped and conclusory statements." *Nemir v. Mitsubishi Motors Corp.*, 381 F.3d 540, 550 (6th Cir. 2004).

### 1. Defendant Has Not Shown "Good Cause"

Defendant has not satisfied its burden of demonstrating "good cause" for modification of the existing protective order, for two reasons. First, although Defendant spends several pages of its brief arguing that the documents at issue constitute "trade secrets" under Michigan law, "[i]t is well settled that there is no absolute privilege for trade secrets and similar confidential information." Wright & Miller, *Federal Practice & Procedure: Civil 3d* § 2043 (2008). Rather, Rule 26(c)(1)(G) permits a court to issue an order "requiring that a trade secret or other confidential … commercial information not be revealed or be revealed only in a specified way," but only if the moving party first shows "good cause" for the order, *i.e.*, that the order is necessary "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1)(G). Absent this threshold showing, entry of a protective order is unwarranted. *See Nemir*, 381 F.3d at 550.

Defendant essentially skips this first step, moving immediately from a discussion of the applicable legal standards to a discussion of whether the information at issue constitutes a "trade secret." Defendant does not discuss—let alone demonstrate—"good cause," nor does it explain why production of the requested documents would cause "a party or person … annoyance, embarrassment, oppression, or undue burden or expense." Plaintiff and the Court are thus left to wonder how the production of documents by a third party who has not objected to production could possibly cause "a party or a person … annoyance, embarrassment, oppression, or undue burden or expense." *See Schweinfurth v. Motorola, Inc.*, No. 1:05-cv-024, 2008 WL 4981380, at *2 (N.D. Ohio Nov. 19, 2008) (affirming magistrate judge's finding that "it is unclear … how an 'undue burden' would be created for [defendant] by the responses of these third parties to the subpoenas at issue").

Defendant vaguely alleges that Plaintiff is "seeking to get its hands on Defendant's product information," and its declarant goes so far as to claim that Rockwell "could easily hack into its counsel's computers and gain access to the computer code" if confidential information was provided to Plaintiff's outside counsel. Dkt. 68 at 1 & Ex. D at 3. But such "speculative" and "conclusory" claims of potential injury are insufficient to justify the entry of a protective order under Rule 26. *See Tenneco Auto. Co.*, 2009 WL 36428 at *2–3.

The declarant similarly claims to have been "made aware" that a Rockwell official "has threatened to obtain access to [Defendant's products]" and will "attempt to reverse engineer [them]." Dkt. 68, Ex. D at 2. Defendant fails to substantiate this claim, and it therefore falls well short of satisfying Defendant's burden of establishing "good cause" for a protective order. *See McNaughton-McKay Elec. Co. v. Linamar Corp.*, No. 09-cv-11165, 2010 WL 2560047, at *2–3 (E.D. Mich. June 15, 2010); *Tenneco Auto.*, 2009 WL 36428 at *2–3. Defendant also fails to explain why a party seeking to "reverse engineer" a product would go to the trouble of subpoenaing documents when that product is already on the market.

Defendant also argues that modification of the existing protective order is warranted because "[i]t is not clear whether the protective order would, in any event, apply to documents produced by a non-party to Plaintiff." Dkt. 68 at 6. As explained below, the Stipulated Protective Order plainly applies to all documents "produced, provided, or disclosed in the course of this action," whether produced by "a party or non-party." Dkt. 30 (emphasis added). Defendant is therefore wrong in stating that it is "not clear" whether the current order applies to the documents at issue. More importantly, simply alleging that harm could result because it is "not clear" whether the current protective order applies is, by definition, speculative and thus insufficient to justify entry of a protective order under Rule 26. *See Tenneco Auto.*, 2009 WL

7

36428 at *2 ("Defendants' burden is to demonstrate good cause through specific facts showing clearly defined and serious injury that <u>would</u> result from these subpoenas." (emphasis added)).

### 2. The Current Protective Order Adequately Protects Defendant's Interests

Defendant's motion for a protective order is particularly unnecessary in light of the fact that the parties agreed to a Stipulated Protective Order less than nine months ago. *See* Dkt. 30. That protective order makes clear that, contrary to Defendant's recent assertions, the parties fully intended that the order cover the type of documents at issue in Defendant's motion. The Stipulated Protective Order expressly applies to "trade secrets," "confidential business information," and "highly sensitive business information, the disclosure of which is likely to cause significant harm." Dkt. 30 ¶¶ 3, 4. By its terms, the Stipulated Protective Order also applies broadly to any material "produced, provided, or disclosed in the course of this action" and permits either "a party or non-party" to designate documents for protection under the order. *Id.* ¶¶ 1, 2. Although Defendant apparently now wishes to revisit the terms of the Order, there can be no dispute that the Stipulated Protective Order applies—and was intended to apply—to the type of documents subpoenaed from Mr. Buechler. *See Children's Legal Servs.*, 2007 WL 4098203, at *2 (denying motion for protective order where existing, agreed-upon protective order "provides sufficient protection to Defendants in this matter") (quoting *Pettrey v. Enter. Title Agency, Inc.*, 470 F. Supp. 2d 790, 797 (N.D. Ohio 2006) ("Defendants cannot now attempt to undo what they have willingly wrought; having made their bed, they must now sleep in it.")).

Nevertheless, in an effort to address Defendant's concerns without the need for additional motions practice, outside counsel for Rockwell provided a written assurance, as an officer of this Court, to Defendant that any documents produced by Mr. Buechler "would be viewed ONLY by [Mr. Tanck] and others at Chadbourne and Parke and not Rockwell." Ex. 3 (Tanck Email

1/15/2013). Plaintiff also pledged to treat any documents produced by Mr. Buechler as if they were protected under the Order, despite Defendant's apparent concerns that they are not protected. Defendant rejected this offer, opting instead to file the instant motion.

Defendant's consistent refusal to resolve these issues despite written assurances that only outside counsel will view any documents produced by Mr. Buechler demonstrates that Defendant's motion is nothing more than a stall tactic designed to further delay discovery in this case.[5] Defendant continues to make unreasonable demands on both Plaintiff and the Court, asserting that its "trade secrets" should essentially be treated as "state secrets," locked in the courthouse beyond the reach of officers of the court who are already bound by the terms of the existing Protective Order. *See* Dkt. 68 at 7. In its Response to Plaintiff's earlier motion for a protective order, Plaintiff has already described its objections to the procedures requested by Defendant. *See* Dkt. 58. Plaintiff reaffirms those objections here. Put simply, as Defendant well knows, Plaintiff's counsel cannot prepare a patent infringement case for trial without having access to the very documents necessary to show the alleged infringement.

## III. CONCLUSION

For the foregoing reasons and any others appearing to the Court, Plaintiff respectfully requests that the Court deny Defendant's motion and order Defendant to permit discovery to proceed in this case. Should the Court decide to afford additional protection to documents

---

[5] On May 11, 2012, Judge Steeh entered a Case Management Order to govern proceedings in this case. *See* Dkt. 22. The Court ordered the Defendant to produce "core technical documents related to the accused product(s)" by June 1, 2012. *Id.* at 7. In violation of the Order, Defendant failed to produce core technical documents related to the infringing products. On June 26, 2012, Plaintiff filed a motion to compel discovery that remains pending before the Court. *See* Dkt. 43. Defendant still has not produced the documents that it was supposed to produce nine months ago.

9

produced by third parties, Plaintiff respectfully requests that the Court enter a protective order with an "Outside Attorneys' Eyes Only" designation, as Plaintiff previously recommended in response to Defendant's prior motion. *See* Dkt. 58. Further, Rockwell respectfully requests the award of costs and attorney fees in responding to this motion pursuant Rules 26(c)(3) and 37(a)(5) of the Federal Rules of Civil Procedure.

|  | Respectfully submitted, |
|---|---|
| Dated: January 31, 2013 | /s/ Deborah J. Swedlow |
| CHADBOURNE & PARKE LLP<br>Paul J. Tanck<br>30 Rockefeller Plaza<br>New York, NY 10112<br>Tel.: (212) 408-5100<br>Fax: (212) 541-5369<br>Email: ptanck@chadbourne.com | HONIGMAN MILLER SCHWARTZ AND COHN LLP<br>Deborah J. Swedlow (P67844)<br>130 S. First Street – 4th Floor<br>Ann Arbor, MI 48104-1386<br>Tel: (734) 418.4268<br>Fax: (734) 418.4269<br>Email: bswedlow@honigman.com |

**ATTORNEYS FOR PLAINTIFF ROCKWELL AUTOMATION TECHNOLOGIES, INC.**

10

12015428.1

## CERTIFICATE OF SERVICE

      I hereby certify that on this 31st day of January, 2013 a copy of the foregoing was electronically filed with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys of record.

| | |
|---|---|
| Dated:  January 31, 2013 | /s/ Deborah J. Swedlow<br>HONIGMAN MILLER SCHWARTZ AND COHN LLP<br>130 S. First Street – 4th Floor<br>Ann Arbor, MI  48104-1386<br>Tel:     (734) 418.4268<br>Fax:    (734) 418.4269<br>Email: bswedlow@honigman.com |

11

12015428.1