UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROCKWELL AUTOMATION
TECHNOLOGIES, INC.,

        **Plaintiff,**                           CIVIL ACTION NO. 12-CV-10274

    vs.

                                          DISTRICT JUDGE GEORGE CARAM STEEH

**SECURE CROSSING RESEARCH**      MAGISTRATE JUDGE MONA K. MAJZOUB
**and DEVELOPMENT, INC.,**

        **Defendants.**
_____/

## ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL DISCOVERY (DOCKET NO. 43)

This matter comes before the Court on Plaintiff's motion to compel discovery. (Docket no. 43). Defendant filed a response. (Docket on. 51). Plaintiff filed a reply. (Docket no. 55). The parties filed Joint Statements of Resolved and Unresolved Issues. (Docket no. 57, 82). The motion has been referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 45). The Court dispenses with oral argument on the motion pursuant to E.D. Mich. LR 7.1(f). The Court is now ready to rule on the motion.

This is a patent infringement case in which Plaintiff claims that certain products made by Defendant infringe upon U.S. Patent No. 7,990,967 (the '967 patent), entitled "Firewall Method and Apparatus for Industrial Systems." Defendant's accused products include at least Zenwall-5, Zenwall-10, Zenwall-2500, Zenwall-3500, and Zenwall-4500. (Docket no. 22). On April 24, 2012 Plaintiff served Defendant with its First Set of Requests for Production of Documents and First Set of Interrogatories, seeking responses to thirty-eight document requests and nine interrogatories.

(Docket no. 44, ex. A, B). Acting under a misunderstanding that the case was stayed pending a June 21, 2012 tutorial before the Court, Defendant did not serve its responses to the discovery requests until July 19, 2012 and July 24, 2012. (Docket no. 56, ex. 1, 4).

Plaintiff argues that Defendant produced only seventy documents in response to its document requests and failed to produce responsive core technical documents that it was also ordered to produce in a May 11, 2012 Case Management Order. (Docket no. 22). Specifically, Plaintiff argues that Defendant failed to produce design and product specifications, flow charts, and computer source code for the accused products. (Docket no. 43). Plaintiff asks for an order compelling Defendant to produce all responsive technical documents subject to a protective order limiting access to Plaintiff's outside counsel. Plaintiff also requests an order compelling Defendant to provide full and complete responses to Interrogatory nos. 6 and 8. (Docket no. 55). Defendant objects to producing its technical information, particularly its computer source code, flow charts, and design and product specifications, arguing that the information is irrelevant to the patent infringement claims. Defendant also alleges that Plaintiff will misuse this sensitive information to file a new patent application to cover Defendant's Zenwall technology. (Docket no. 51).

After Plaintiff filed the instant motion, Defendant filed a motion for protective order related to Plaintiff's discovery requests. (Docket no. 50). Only after that motion was filed did Defendant serve its responses to Plaintiff's document requests. (Docket no. 57, ex. C). Defendant's responses to many of Plaintiff's document requests state that Defendant will only produce responsive, non-privileged documents that are not the subject of the pending motion for protective disorder. Subsequently, on February 5, 2013, the Court entered a protective order. (Docket no. 80). The protective order contains provisions providing for the production of highly confidential and trade

2

secret information, and specifically provides for the production of computer source code to outside attorneys.

The Court will order Defendant to produce its computer source code, flow charts, design and product specifications, and other technical documents as contemplated in the May 11, 2012 Case Management Order. The production of this commercially sensitive information should be made pursuant to the February 5, 2013 protective order. The Court will also order Defendant to produce documents responsive to Plaintiff's Request for Production of Documents nos. 1-8, 10, 12-22, 25-28, 30, 32-33, and 36-38 to the extent responsive documents were withheld pending resolution of Defendant's motion for protective order. Defendant will also be ordered to provide full and complete responses to Interrogatory nos. 6 and 8.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to compel discovery (docket no. 43) is **GRANTED**. On or before April 18, 2013 Defendant must produce the following information pursuant to the terms of the February 5, 2013 protective order:

> (a) Defendant's computer source code, flow charts, and design and product specifications, and other technical documents as contemplated in the May 11, 2012 Case Management Order,
> (b) all documents responsive to Plaintiff's First Set of Requests for Production of Documents nos. 1-8, 10, 12-22, 25-28, 30, 32-33, and 36-38 to the extent responsive documents have not already been produced and were withheld pending resolution of Defendant's motion for protective order, and
> (c) full and complete responses to Plaintiff's First Set of Interrogatories nos. 6 and 8.

**IT IS FURTHER ORDERED** that Plaintiff's request for expenses incurred in bringing this motion is denied.

**NOTICE TO THE PARTIES**

Pursuant to Federal Rule of Civil Procedure 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: February 22, 2013        s/ Mona K. Majzoub
                                MONA K. MAJZOUB
                                UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this order was served upon Counsel of Record on this date.

Dated: February 22, 2013        s/ Lisa C. Bartlett
                                Case Manager